DANIEL JOHNSON, JR.
CA State Bar No. 57409
djjohnson@morganlewis.com
BRETT M. SCHUMAN
CA State Bar No. 189247
bschuman@morganlewis.com
JASON E. GETTLEMAN
CA State Bar No. 269733
jgettleman@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA  94306
Tel:    650.843.4000
Fax:   650.843.4001

MICHAEL D. ROUNDS
Nevada Bar No. 4734
mrounds@watsonrounds.com
MATTHEW D. FRANCIS
Nevada Bar No. 6978
mfrancis@watsonrounds.com
ADAM K. YOWELL
Nevada Bar No. 11748
ayowell@watsonrounds.com
WATSON ROUNDS
5371 Kietzke Lane
Reno, NV  89511-2083
Tel:    775.324.4100
Fax:   775.333.8171

Attorneys for Plaintiff
UNWIRED PLANET LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**RENO DIVISION**

| | |
|---|---|
| **UNWIRED PLANET LLC, a Nevada limited liability company,** | **CIVIL ACTION NO.** |
| Plaintiff, | |
| vs. | **COMPLAINT FOR PATENT INFRINGEMENT** |
| **SQUARE, INC., a Delaware corporation,** | **(JURY DEMAND)** |
| Defendant. | |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24432801.3

1

COMPLAINT FOR PATENT
INFRINGEMENT

1. Plaintiff Unwired Planet LLC ("Plaintiff") files this Original Complaint for Patent Infringement against Square, Inc. ("Square" or "Defendant"), and alleges as follows:

## JURISDICTION

2. This is an action arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

## VENUE

3. This Court has personal jurisdiction over the Defendant Square. Square has conducted and does conduct business within the State of Nevada. Square, directly or through subsidiaries or intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises (including the provision of an interactive web page) its products and/or services in the United States, the State of Nevada, and the District of Nevada. Square, directly and through subsidiaries or intermediaries (including distributors, retailers, and others), has purposefully and voluntarily placed one or more of its infringing products and/or services, as described below, into the stream of commerce with the expectation that they will be purchased and/or used by consumers in the District of Nevada. These infringing products and/or services have been and continue to be purchased and/or used by consumers in the District of Nevada. Square has committed acts of patent infringement within the State and District of Nevada.

4. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and (d) and 1400(b). A substantial part of the events giving rise to Plaintiff's claims occurred in the District of Nevada and Square is subject to personal jurisdiction in the district.

## PARTIES

5. Plaintiff Unwired Planet LLC is a Nevada entity having a principal place of business at 170 South Virginia Street, Suite 201, Reno, Nevada 89501. Unwired Planet LLC is a subsidiary of Unwired Planet, Inc. Unwired Planet LLC currently has seven full-time employees resident in its Reno offices and eight other employees resident there that work for both Unwired Planet LLC and Unwired Planet, Inc. To avoid confusion, we will refer to Plaintiff Unwired Planet LLC as "Plaintiff" and Unwired Planet, Inc. as "Unwired Planet" throughout this

Complaint, except at otherwise noted.

6. Defendant Square is a corporation organized under the laws of Delaware with its principal place of business at 110 5th Street, San Francisco, California 94103.

## BACKGROUND

7. Unwired Planet, founded in 1994, is widely regarded as a pioneer of the mobile internet. Unwired Planet invented many of the fundamental technologies that allowed mobile devices to connect to the internet in meaningful ways.

8. Unwired Planet was founded with the vision of bringing the "internet-in-your-pocket" to the world. For example, Unwired Planet was the first to put an internet browser into a phone, signing a deal with AT&T in 1996 through its predecessor company, Libris.

9. In 1997, Unwired Planet began pushing for a worldwide standard for mobile internet access by teaming up with some of the leading global handset manufacturers to found the WAP Forum. The purpose of the WAP Forum was to develop a standard worldwide wireless internet technology so that content providers could use existing content when creating mobile services. By 1999, over 150 wireless companies were integrating the WAP standard into their products, covering approximately 95% of the world market for cellular handsets. By 2001 the WAP Forum had grown to more than 500 members.

10. Unwired Planet issued an initial public stock offering in 1999, changing its name to Phone.com to reflect the company's emphasis on providing internet to wireless devices through its browser software and developer tools. These products included Up.Mail (which delivered email to wireless telephones), Up.Organizer (a personal information management application), Up.Web (which allowed subscribers to manage and configure the other programs from their PCs), Up.Browser (a wireless phone browser), and Up.Smart (a PDA software application for wireless phones), among others. By August 1999, 31 network operators across the globe had licensed Phone.com's software. Phone.com flourished, providing its access software to companies around the globe. USA Today called Phone.com "the linchpin for the wireless internet" in a July 2000 article, stating that Phone.com's software touched approximately 80 percent of Web-enabled phones at the time.

11. In 2000, Phone.com merged with Software.com to form Openwave Systems Inc., the predecessor to the current-day Unwired Planet, in a $6.4 billion merger. Openwave continued to grow and innovate. By mid-2001, about 97 percent of internet-ready mobile phones in the United States and approximately 75 percent overseas used an Openwave browser. By July 2001 Openwave had increased in size to approximately 2,200 employees worldwide, and the company earned revenues of over $465 million for fiscal year 2001.

12. Through its innovation and technological leadership, Openwave amassed a patent portfolio comprising over 200 patents. Many of these patents disclose and protect the foundational aspects of today's most widely-used mobile technologies, such as mobile internet, location-based services, and e-commerce applications. These patents are now assigned to Plaintiff.

13. Unfortunately, merely having patents did not protect Openwave from infringing competition. As Openwave's revenues and market share fell, it was forced to downsize its own employees. In April 2012 Openwave sold its product businesses, but retained the patents it had been awarded. After selling off its product businesses, Openwave changed its name back to Unwired Planet. Unwired Planet retained its patents, representing almost two decades of investment, allowing the company to focus its efforts on licensing its fundamental patent portfolio to the companies whose infringement put it out of the software and service businesses. Today, Plaintiff Unwired Planet LLC owns the patents-in-suit and over 2400 additional patent assets.

## THE PATENTS IN SUIT

14. United States Letters Patent No. 7,711,100 ("the 100 Patent"), entitled "System and Method for Controlling Financial Transactions Over a Wireless Network" was duly and legally issued to inventor Charles L. Dennis on May 4, 2010. Plaintiff owns by assignment the entire right, title, and interest in the 100 Patent, and is entitled to sue for past and future infringement. A true and correct copy of the 100 Patent is attached hereto as Exhibit A and incorporated by reference herein. A true and correct copy of the 100 Patent Assignment Abstract of Title from the United States Patent and Trademark Office ("USPTO") database is attached hereto as Exhibit D.

15. United States Letters Patent No. 7,376,433 ("the 433 Patent"), entitled "Subscriber Delivered Location-Based Services" was duly and legally issued to inventor David Hose on May 20, 2008. Plaintiff owns by assignment the entire right, title, and interest in the 433 Patent, and is entitled to sue for past and future infringement. A true and correct copy of the 433 Patent is attached hereto as Exhibit B and incorporated by reference herein. A true and correct copy of the 433 Patent Assignment Abstract of Title from the USPTO database is attached hereto as Exhibit E.

16. United States Letters Patent No. 8,275,359 ("the 359 Patent"), entitled "Wireless User Based Notification System" was duly and legally issued to inventor Mark Drennan on September 25, 2012. Plaintiff owns by assignment the entire right, title, and interest in the 359 Patent, and is entitled to sue for past and future infringement. A true and correct copy of the 359 Patent is attached hereto as Exhibit C and incorporated by reference herein. A true and correct copy of the 359 Patent Assignment Abstract of Title from the USPTO database is attached hereto as Exhibit F.

17. The 100, 433 and 359 Patents (collectively, the Asserted Patents) cover inventions relating to wireless devices, management of wireless devices, management of messages and data for wireless devices, and location services.

**CLAIM FOR PATENT INFRINGEMENT**

18. Plaintiff repeats and realleges the allegations in paragraphs 1-17 as though fully set forth herein.

19. Square directly infringes one or more claims of each of the Asserted Patents under 35 U.S.C. § 271. Square is making, using, selling, offering for sale, exporting, and/or importing Accused Products and Services which infringe one or more claims of each of the Asserted Patents, as set forth in the table below. Further discovery may reveal additional infringing products and/or models.

5

COMPLAINT FOR PATENT INFRINGEMENT

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24432801.3

| Asserted Patents | Accused Products and Services |
|---|---|
| 7,711,100 | Mobile App Systems and/or Services (including Square Wallet and Location Services including Local Search), Servers (including servers supporting the aforementioned Systems and/or Services), and Mobile Devices (including mobile phones, tablets, and music players with the iOS operating system (iPhones, iPads, and iPods) and the Android operating system). |
| 7,376,433 | Mobile App Systems and/or Services (including Square Wallet and Location Services including Local Search), Servers (including servers supporting the aforementioned Systems and/or Services), and Mobile Devices (including mobile phones, tablets, and music players with the iOS operating system (iPhones, iPads, and iPods) and the Android operating system). |
| 8,275,359 | Mobile App Systems and/or Services (including Square Wallet, Square Register, and Location Services including Local Search), Servers (including servers supporting the aforementioned Systems and/or Services), and Mobile Devices (including mobile phones, tablets, and music players with the iOS operating system (iPhones, iPads, and iPods) and the Android operating system). |

Screenshots of Square's Wallet mobile application being utilized in Reno, Nevada are below. The Square logo is clearly visible in the top left corner of each image.




20.  Square indirectly infringes one or more claims of each of the Asserted Patents under 35 U.S.C. § 271(b). Square has induced and continues to induce its customers and/or users of the Accused Products and services above to infringe one or more claims of the Asserted

Patents above.  Square specifically intends for its customers and/or users of the Accused Products and Services above to infringe one or more claims of the Asserted Patents above in the United States because on information and belief, Square knew of the Asserted Patents and designed the Accused Products and Services such that they would each infringe one or more claims of each of the Asserted Patents if made, used, sold, offered for sale or imported into the United States, and Square knows that the customers and/or users of the Accused Products and Services will directly infringe one or more claims of the Asserted Patents when those customers and/or users make, use, sell, offer to sell, and/or import into the United States, the Accused Products and Services.  In addition, Square has failed to redesign the Accused Products and Services to cease infringement.

21.  Square indirectly infringes one or more claims of the Asserted Patents by contributory infringement under 35 U.S.C. § 271(c).  Square has contributed to and continues to contribute to the direct infringement of one or more claims of the Asserted Patents by customers and/or users of the Accused Products and Services.  Upon information and belief, Square knew of the Asserted Patents.  Square has sold, offered to sell, and/or imported in and into the United States the Accused Products, which Square has known to be especially made or adapted for use in infringing the Asserted Patents and which have no substantial non-infringing uses.  Square designed the Accused Products and Services such that they would infringe one or more claims of the Accused Patents if made, used, sold, offered for sale or imported into the United States.  The accused technology has no substantial use that does not infringe one or more claims of the Asserted Patents.

22.  Square's acts of direct, contributory and induced infringement have caused damage to Plaintiff, and Plaintiff is entitled to recover compensatory damages sustained as a result of Square's wrongful acts.  Unless enjoined by this Court, Square will continue to infringe the Asserted Patents, continue to damage Plaintiff and cause irreparable harm.

23.  Upon information and belief, Square has known about each of the Asserted Patents.  Moreover, Square lacks justifiable belief that there is no infringement, or that the infringed claims are invalid, and has acted with objective recklessness in its infringing activity.  Square's infringement is therefore willful, and Plaintiff is entitled to an award of exemplary

damages, attorneys' fees, and costs in bringing this action.

**DEMAND FOR JURY TRIAL**

24.   Plaintiff hereby demands a jury for all issue so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in their favor and grant the following relief:

A. Adjudge that Square infringes the Asserted Patents;

B. Adjudge that Square's infringement of the Asserted Patents was willful, and that Square's continued infringement of the Asserted patents is willful;

C. Award Plaintiff damages in an amount adequate to compensate it for Square's infringement of the Asserted Patents, but in no event less than a reasonable royalty under 35 U.S.C. § 284;

D. Award enhanced damages by reason of Square's willful infringement of the Asserted Patents, pursuant to 35 U.S.C. § 284;

E. Award Plaintiff pre-judgment and post-judgment interest to the full extent allowed under the law, as well as its costs;

F. Enter an order finding that this is an exceptional case and awarding Plaintiff its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

G. Enter an injunction enjoining Square, and all others in active concert with Square from further infringement of the Asserted Patents;

H. Award an accounting for damages;

I. Award a future compulsory royalty in the event full injunctive relief is not awarded as requested; and

J. Award such other relief as the Court may deem appropriate and just under the circumstances.

| | |
|---|---|
| Dated: October 21, 2013 | Respectfully submitted,<br><br>By  /s/ *Matthew D. Francis*<br>Michael D. Rounds<br>Nevada Bar No. 4734<br>mrounds@watsonrounds.com<br>Matthew D. Francis<br>Nevada Bar No. 6978<br>mfrancis@watsonrounds.com<br>Adam K. Yowell<br>Nevada Bar No. 11748<br>ayowell@watsonrounds.com<br>WATSON ROUNDS<br>5371 Kietzke Lane<br>Reno, NV  89511-2083<br>Tel:     775.324.4100<br>Fax:    775.333.8171<br><br>Daniel Johnson, Jr. (*)<br>California State Bar No. 57409<br>Brett M. Schuman (*)<br>California State Bar No. 189247<br>Jason E. Gettleman (*)<br>California State Bar No. 269733<br>MORGAN, LEWIS & BOCKIUS LLP<br>2 Palo Alto Square<br>3000 El Camino Real, Suite 700<br>Palo Alto, CA 94306<br>Tel:      650.843.4000<br>Fax:     650.843.4001<br><br>(*) will comply with LR IA 10-2 within 45 days<br><br>Attorneys for Plaintiff<br>UNWIRED PLANET LLC |

COMPLAINT FOR PATENT INFRINGEMENT

DB2/ 24432801.3