W. WEST ALLEN
Nevada Bar No. 5566
wallen@lrrlaw.com
LEWIS ROCA ROTHGERBER LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89109
Telephone: (702) 949-8200
Facsimile: (702) 949-8398

E. LEIF REID
Nevada Bar No. 5750
lreid@lrrlaw.com
LEWIS ROCA ROTHGERBER LLP
50 West Liberty Street
Suite 410
Reno, NV 89501-1922
Telephone: (775) 321-3415
Facsimile: (775) 823-2929

THEODORE J. ANGELIS
Admitted *pro hac vice*
theo.angelis@klgates.com
DOUGLAS B. GREENSWAG
Admitted *pro hac vice*
douglas.greenswag@klgates.com
K&L GATES LLP
925 4th Avenue, Suite 2900
Seattle, WA 98104
Telephone: (206) 370-8101
Facsimile: (206) 370-6006

*Attorneys for Defendant Square, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNWIRED PLANET LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SQUARE, INC., a Delaware corporation<br><br>Defendants. | CASE NO.: 3:13-cv-00579-RCJ-WGC<br><br>**DEFENDANT SQUARE, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6)** |

Defendant Square, Inc. ("Square") respectfully moves to dismiss[1] the claims by plaintiff Unwired Planet LLC ("Unwired Planet") for indirect[2] and willful infringement of U.S. Patent Nos. 7,711,100, 7,376,433, and 8,275,359 (collectively, the "Asserted Patents"). Square's motion is based on the Memorandum of Points and Authorities below.[3]

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

The Court should dismiss Unwired Planet's willful infringement and indirect infringement claims because Unwired Planet's complaint does not plead facts necessary to support such claims. For example, Unwired Planet does not plead *any* facts to support the allegation that Square had pre-suit knowledge of the Asserted Patents. Without pre-suit knowledge, Unwired Planet's willful infringement claims fail as a matter of law.[4] Similarly, the absence of pre-suit knowledge prevents Unwired Planet from stating a claim for indirect infringement, or collecting any damages, for the period prior to commencement of this lawsuit.[5] The "failure to plead any facts directed to showing actual knowledge is hardly a technicality," because the "complaint must at least put [the defendant] on sufficient notice to answer the complaint and defend the case." *Vasudevan Software, Inc. v. TIBCO Software Inc.*, No. C 11-06638 RS, 2012 WL 1831543, at *4 (N.D. Cal. May 18, 2012) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-57 (Fed. Cir. 2007)).

---

[1] Concurrent with this motion, Square has filed a motion to transfer pursuant to 28 U.S.C. § 1404(a). Square respectfully requests that the Court address the motion to transfer first because, if granted, this Court need not rule on the motion to dismiss.

[2] For convenience, Square uses the shorthand phrase "indirect infringement" to refer collectively to Unwired Planet's claims for induced infringement under 35 U.S.C. § 271(b) and contributory infringement under 35 U.S.C. § 271(c).

[3] Square's motion to dismiss addresses Unwired Planet's indirect and willful infringement claims. It does not address Unwired Planet's direct infringement claims. Nonetheless, it "tolls the time to respond to all claims under Rule 12(a)(4)." *Talbot v. Sentinel Ins. Co.*, No. 2:11-cv-01766-KJD-CWH, 2012 WL 1068763, at *4 (D. Nev. Mar. 29, 2012).

[4] *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1368 (Fed. Cir. 2007) (en banc) (holding that willful infringement requires proof that the defendant was aware of the asserted patent before the litigation commenced).

[5] *See Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011) (holding that indirect infringement requires notice of the asserted patents); *Commil USA, LLC v. Cisco Sys., Inc.*, 720 F.3d 1361, 1367 (Fed. Cir. 2013) (same); *Silver State Intellectual Techs., Inc. v. FourSquare Labs, Inc.*, No. 2:12-cv-01308-GMN-PAL, 2013 WL 5437363, at *4 (D. Nev. Sept. 26, 2013) (granting motion to dismiss indirect infringement claims for the period before the complaint was filed because of a failure to allege facts demonstrating pre-filing notice).

2

If Unwired Planet alleges that Square had pre-suit knowledge of the Asserted Patents, Square is entitled to fair notice of the facts on which such claims are based.

Unwired Planet's complaint fails to provide such notice. Unwired Planet pleads only the conclusory allegation, on "information and belief," that "Square knew of the Asserted Patents." *See* Dkt. 1 at 6-7 ¶ 20 (induced infringement); *id.* at 7 ¶ 21 (contributory infringement); *id.* at 7-8 ¶ 23 (willful infringement). Unwired Planet's failure to provide any facts on which it bases its allegations of pre-suit knowledge, standing alone, warrants dismissal of Unwired Planet's willful infringement claim and its pre-suit indirect infringement claims.[6]

In addition, Unwired Planet's complaint does not provide facts sufficient to support the *other* elements of induced and contributory infringement. As for induced infringement, Federal Circuit authority requires facts sufficient to support the inference that Square specifically intended its customers to infringe the Asserted Patents and knew its customers' actions constituted infringement. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). The only non-conclusory facts Unwired Planet pleads, however, are that Square "designed the Accused Products . . . such that they would each infringe," and Square "failed to redesign the Accused Products." Dkt. 1 at 7 ¶ 20. These allegations are insufficient to satisfy Unwired Planet's burden of pleading induced infringement.[7] As for contributory infringement, the allegations are insufficient because they do nothing more than recite the statutory elements for contributory infringement.[8] To state a claim for contributory infringement,

---

[6] After this action was filed, Square reached out to Unwired Planet's counsel and specifically asked for the factual basis for its allegations that Square knew of the Asserted Patents before this lawsuit began. Unwired Planet's counsel refused to provide that information and, instead, referred Square to Unwired Planet's internal licensing personnel for more information. The internal licensing personnel have not provided that information.

[7] *See, e.g.*, *Guzik Technical Enters., Inc. v. Western Digital Corp.*, No. 11-cv-03786-PSG, 2012 WL 1669355, at *1 (N.D. Cal. May 11, 2012) (holding that allegations similar to those Unwired Planet makes here could not support a claim for induced infringement and required dismissal).

[8] A recitation of the statutory claim elements set forth in 35 U.S.C. § 271(c) is insufficient to state a claim for contributory infringement. *Weiland Sliding Doors & Windows, Inc. v. Panda Windows & Doors, LLC*, No. 10-cv-00677-JLS-MDD, 2011 WL 3490471, at *4 (S.D. Cal. Aug. 10, 2011) (concluding that allegation of contributory infringement that did "nothing more than mirror statutory language" was insufficient); *Select Retrieval, LLC v. Bulbs.com Inc.*, No. 12-cv-10389-TSH, 2012 WL 6045942, at *5 (D. Mass. Dec. 4, 2012) ("[Plaintiff] must do more than recite the statutory elements of an indirect infringement claim."). *See generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a recitation of statutory elements does not satisfy Fed. R. Civ. P. 8).

Unwired Planet must, for example, plead facts showing that any non-infringing uses of Square's products are "unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental." *Vita–Mix Corp. v. Basic Holdings, Inc.*, 581 F.3d 1317, 1327-29 (Fed. Cir. 2009). Merely reciting the statutory elements, as Unwired Planet did in its complaint, falls well short of that obligation. These separate failings provide bases for dismissing Unwired Planet's indirect infringement claims independent of the failure to plead knowledge of the Asserted Patents.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Unwired Planet's Allegations of Indirect Infringement

#### 1. Unwired Planet's Induced Infringement Allegations

Unwired Planet alleges that Square indirectly infringes "one or more claims" of the Asserted Patents under 35 U.S.C. § 271(b). Dkt. 1 at 6-7 ¶ 20. In particular, Unwired Planet alleges that Square "specifically intends for its customers and/or users of the Accused Products and Services . . . to [directly] infringe" the Asserted Patents. *Id.* at 7 ¶ 20. In support of this claim, Unwired Planet alleges that "on information and belief, Square knew of the Asserted Patent . . . ." *Id.* (emphasis added). Unwired Planet further alleges that Square "designed the Accused Products and Services such that they would each infringe one or more claims of each of the Asserted Patents" and "Square knows that the customers and/or users of the Accused Products and Services will directly infringe . . . ." *Id.* Finally, Unwired Planet alleges that "Square has failed to redesign the Accused Products and Services . . . ." *Id.*

#### 2. Unwired Planet's Allegations of Contributory Infringement

Unwired Planet alleges that Square "indirectly infringes one or more claims of the Asserted Patents by contributory infringement under 35 U.S.C. § 271(c)." *Id.* at 7 ¶ 21. Unwired Planet claims that Square "has contributed to and continues to contribute to the direct infringement of one or more claims of the Asserted Patents by customers and/or users . . . ." *Id.* In support of this claim, Unwired Planet alleges that "[u]pon information and belief, Square knew of the Asserted Patents." *Id.* Unwired Planet also alleges that Square knows the Accused Products and Services "to be especially made or adapted for use in infringing the Asserted Patents and which have no substantial non-infringing uses." *Id.* Unwired Planet further states that "Square designed

4

the Accused Products and Services such that they would infringe one or more claims of the Accused Patents," *id*., and then reiterates that "[t]he accused technology has no substantial use that does not infringe one or more claims of the Asserted Patents." *Id.*

### B.   Unwired Planet's Allegations of Willful Infringement

Unwired Planet alleges that "Square's infringement is . . . willful . . . ." *Id.* at 7 ¶ 23.  To support this claim, Unwired Planet alleges that "[u]pon information and belief, Square has known about each of the Asserted Patents." *Id.*  Unwired Planet also alleges that "Square lacks justifiable belief that there is no infringement, or that the infringed claims are invalid, and has acted with objective recklessness in its infringing activity." *Id.*

### III.   STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(6), a court may dismiss a claim if the complaint fails to "state a claim upon which relief can be granted."  To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).  A plaintiff cannot rely on mere labels and conclusions, or a formulaic recitation of the elements of a claim, to support its claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Instead, the non-conclusory factual content in the complaint, and reasonable inferences from that content, must be "plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotations omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (emphasis added) (quoting Fed. R. Civ. P. 8(a)(2)).

After *Iqbal* and *Twombly*, courts analyzing Rule 12(b)(6) motions follow a two-step process.  First, the court "identif[ies] the allegations in the complaint that are *not* entitled to the assumption of truth" because they are, for example, "conclusory" or "formulaic recitation of the elements" of the claim, and second, the court examines whether the remaining well pleaded

allegations, if assumed to be true, "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 678-80 (emphasis added); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, 826 F. Supp. 2d 1180, 1198-1199 (C.D. Cal. 2011).

**IV.   ARGUMENT**

    **A.   Unwired Planet's Conclusory Allegations that Square Knew of the Asserted Patents Are Insufficient To Support Its Claims for Induced, Contributory, and Willful Infringement**

        **1.   Unwired Planet Has Failed To Plead the Facts Required To Support a Claim for Indirect Infringement**

The Supreme Court recently confirmed that claims for indirect infringement under 35 U.S.C. § 271(b) and (c) require proof that the defendant had "knowledge of the existence of the patent that is infringed." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011); *see also Commil USA, LLC v. Cisco Sys., Inc.*, 720 F.3d 1361, 1367 (Fed. Cir. 2013) (same). A plaintiff may satisfy this knowledge requirement by demonstrating a defendant's actual knowledge of, or willful blindness to, the asserted patents. *Id.* at 1366-67.

At the pleading stage, a plaintiff must support its allegation that the defendant knew of the asserted patents with "specific, supporting facts." *Vasudevan Software, Inc. v. TIBCO Software Inc.*, No. C 11-06638 RS, 2012 WL 1831543, at *6 (N.D. Cal. May 18, 2012) (citing *Nazomi Commc'ns, Inc. v. Nokia Corp.*, No. 10-cv-4686, 2011 WL 2837401, at *3 (N.D. Cal. July 14, 2011)); *see also supra* p. 3 n.8 (citing case law that requires courts to disregard conclusory allegations and recitations of claim elements when determining whether the plaintiff has stated a claim). District courts in the Ninth Circuit, and around the country, have therefore held that when the alleged "facts" are nothing more than the conclusory statement that the defendant knew of the asserted patents or acted "knowingly," the claim must be dismissed. *See Vasudevan*, 2012 WL 1831543, at *6 ("Because there are no factual averments to support plaintiff's allegation that TIBCO was actually aware of the '864 patent, let alone willfully blinded itself to the existence of the patent, the motion to dismiss must be granted as to this [induced infringement] claim . . . ."); *BIAX Corp. v. Motorola Solutions, Inc.*, No. 10-cv-03013-PAB-KLM, 2012 WL 502727, at *3 (D. Colo. Feb. 15, 2012) (collecting cases dismissing indirect infringement claims when the operative complaint contained nothing more than conclusory allegations that the defendant knew of the

asserted patents); *Fujitsu Ltd. v. Belkin Int'l Inc.*, 782 F. Supp. 2d 868, 892 (N.D. Cal. 2011) (dismissing claims in part because patentee "has only alleged in conclusory terms that the defendants have received notice of the patents"); *Wistron Corp. v. Phillip M. Adams & Assocs., LLC*, No. C-10-4458 EMC, 2011 WL 4079231, at *5 (N.D. Cal. Sept. 12, 2011) ("Post-*Twombly* and *Iqbal*, courts have typically rejected conclusory allegations of knowledge."); *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. 2010) ("[P]laintiff . . . fails to allege sufficient facts that would allow the court to infer that [defendants] had any knowledge of the . . . patent[s] at the time they were committing the allegedly infringing activities."). Consistent with these precedents, this Court has specifically held that if a plaintiff intends to allege pre-litigation knowledge of an asserted patent, it must plead the basis for such knowledge explicitly. *See Silver State Intellectual Techs., Inc. v. FourSquare Labs, Inc.*, No. 2:12-cv-01308-GMN-PAL, 2013 WL 5437363, at *4 (D. Nev. Sept. 26, 2013) (granting motion to dismiss indirect infringement claims for the period before the complaint was filed because of a failure to allege facts demonstrating pre-filing notice).

Here, Unwired Planet's complaint contains nothing beyond the single conclusory allegation "upon information and belief" that "Square knew of the Asserted Patents." Dkt. 1 at 7 ¶¶ 20, 21. As shown above, the Court must disregard that conclusory statement when determining whether Unwired Planet has stated a claim. *See supra* p. 3 n.8, p. 6. Once Unwired Planet's conclusory assertion of Square's knowledge of the Asserted Patents is stripped away, however, there is simply no remaining claim for indirect infringement. This outcome is reinforced by the fact that Unwired Planet's allegations of knowledge contain less detail than even the allegations found to be legally insufficient in cases cited above. For example, in *Vasudevan*, the Court dismissed the plaintiff's indirect infringement claims—even though the plaintiff had included detailed factual allegations in its complaint—because those allegations did not provide *specific* evidence of pre-litigation notice of the asserted patents. In particular, the plaintiff there alleged that it met with the defendant on multiple occasions and during those meetings: (1) specifically informed the defendant that its accused product infringed the *parent of the asserted patent*; and (2) informed the defendant that its product infringed the *application that became the asserted patent*.

7

*Vasudevan*, 2012 WL 1831543, at *1. The *Vasudevan* Court held that these allegations were insufficient because the plaintiff did not plead facts showing that the defendant knew of the *asserted* patent itself. *Id.* at *6. Likewise, in *Fujitsu*, the plaintiff pleaded induced infringement based on the allegation that the defendant "receiv[ed] notice of the [asserted] Patent." 782 F. Supp. 2d at 892. The *Fujitsu* court dismissed the inducement claim, reasoning that the total absence of facts substantiating the allegation of notice prevented the defendant from understanding "the basis for [Fujitsu's] induced infringement claims." *Id.*

The rejected pleadings in both *Vasudevan* and *Fujitsu* contained stronger factual bases than those provided here. Unwired Planet completely fails to allege any facts in support of its conclusory assertion that "Square knew of the Asserted Patents." Because the Court disregards such conclusory allegations, and because Unwired Planet has failed to provide any "specific, supporting facts," the Court should dismiss its indirect infringement claims. *Vasudevan*, 2012 WL 1831543, at *6.

### 2. Unwired Planet Has Failed to Plead Facts Sufficient to Support a Claim for Willful Infringement Under 35 U.S.C. § 284

Unwired Planet likewise fails to meet its pleading obligations for willful infringement. Unwired Planet cannot state a claim for willful infringement unless it demonstrates Square had knowledge of the asserted claims *before* Unwired Planet filed this lawsuit. *See In re Seagate*, 497 F.3d 1360, 1368 (Fed. Cir. 2007) (en banc) ("[A] willfulness claim asserted in the original complaint must necessarily be grounded *exclusively* in the accused infringer's pre-filing conduct") (emphasis added); *Rembrandt Social Media, LP v. Facebook, Inc.*, __ F. Supp. 2d ___, 2013 WL 2950342, at *6 (E.D. Va. June 12, 2013) (dismissing willfulness allegations because plaintiff "has not pled sufficient facts to invite the plausible inference that Facebook had the requisite pre-suit knowledge of either patent."); *see also Gevo, Inc. v. Butamax*(TM) *Advanced Biofuels LLC*, No. 12-1724-SLR, 2013 WL 3381258, at *5 (D. Del. July 8, 2013) (dismissing willfulness claims because plaintiff "has not provided any evidence that [defendant] was aware of the application pre-suit.").

The only instance in which a claim for willful infringement need not be grounded in pre-suit conduct is when a plaintiff promptly moves for a preliminary injunction after filing the

8

lawsuit. *In re Seagate*, 497 F.3d at 1374 (en banc) ("A patentee who does not attempt to stop an accused infringer's activities in this manner [*i.e.*, through a preliminary injunction] should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct."). Here, Unwired Planet has not moved for a preliminary injunction. Accordingly, it only can state a claim for willful infringement if its factual allegations support the conclusion that Square had knowledge of the Asserted Patents before Unwired Planet filed this lawsuit.

As shown above, Unwired Planet's only allegation of pre-suit knowledge is the conclusory statement: "Upon information and belief, Square has known about each of the Asserted Patents." Dkt. 1 at 7 ¶ 23. Courts must disregard such conclusory statements, leaving no well pleaded allegation to support Unwired Planet's burden of proving pre-suit knowledge of the Asserted Patents. *See supra* p. 5. Accordingly, Unwired Planet's claims for willful infringement—like its claims for pre-suit indirect infringement—fail because they are unsupported by any cognizable allegation that Square knew of the asserted patents. *See Vasudevan*, 2012 WL 1831543, at *2-6 (concluding that the failure to plead facts that support plaintiff's allegation that defendant had knowledge of the asserted patent required dismissal of both the indirect infringement and willful infringement claims). The Court should therefore dismiss Unwired Planet's willful infringement claims.

**B.    Even if Unwired Planet Had Adequately Pleaded Pre-Suit Knowledge of the Asserted Patents, Its Other Induced Infringement Allegations Are Insufficient To State a Claim Under 35 U.S.C. § 271(b)**

Independent of Unwired Planet's failure to adequately plead Square's knowledge of the Asserted Patents, its complaint fails to plead facts demonstrating that Square has the specific intent necessary to state a claim for induced infringement under 35 U.S.C. § 271(b). The Federal Circuit has emphasized that a complaint for induced infringement "must contain facts plausibly showing that [Square] specifically intended [its] customers to infringe the [asserted patents] and knew that the customer's acts constituted infringement." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012); *see also Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) (holding that "[i]nducement requires a

9

showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent").

Unwired Planet's allegations fall short of the Federal Circuit standard. After disregarding the conclusory allegation that "Square knows that the customers and/or users of the Accused Products and Services will directly infringe one or more claims of the Asserted Patents," Dkt. 1 at 7 ¶ 20 (merely reciting the *In re Bill of Lading* court's wording), there are only two allegations that purportedly support the claim for induced infringement: (1) "Square . . . designed the Accused Products and Services such that they would each infringe one or more claims of each of the Asserted Patents," *id.*; and (2) "Square has failed to redesign the Accused Products and Services to cease infringement." *Id.* These two allegations, however, contain no more substance than the initial conclusory allegation; stating that someone designed a product in a manner that infringes is just another way of saying that someone knows users of the product will infringe. Indeed, the two allegations are nearly identical to the inducement allegations found insufficient in *Guzik Technical Enters., Inc. v. Western Digital Corp.*, 2012 WL 1669355 (N.D. Cal. May 11, 2012). Using similar reasoning, the court in *Guzik*, rejected as insufficient allegations that the defendant induced infringement through its "intentional design" of the product. *See id.* at *1, *3 (holding that allegations that the defendant "intended that its action would induce infringement" by its "intentional design" were insufficient to state a claim for induced infringement).[9] Those

---

[9] In *Guzik*, the court rejected as insufficient the following allegations in support of induced infringement:

> On information and belief, Guzik has indirectly infringed and continues to indirectly infringe the '420 Patent, in violation of 35 U.S.C. § 271(b), by actively inducing direct infringement by others, including Guzik customers other than [Western Digital], who operate and/or use products that embody or otherwise practice one or more of the claims of the '420 Patent, such as, without limitation, the Guzik Accused Products and/or components thereof, when Guzik had knowledge of the '420 Patent and knew or should have known that its actions would induce direct infringement by others and intended that its actions would induce direct infringement by others. Upon information and belief, ***Guzik has induced, and continues to induce, direct infringement through its intentional design***, marketing, manufacturing, sale, and support, including technical support, of the Guzik Accused Products in the United States. Upon information and belief, Guzik's inducement includes, among other things, active encouragement of the use of the Accused Products by its customers through the promotion and provision of the Accused Products and marketing literature and user manuals that induce direct infringement.

10

insufficient allegations are essentially the same as Unwired Planet's allegations here. *See* Dkt. 1 at 7 ¶ 20 (alleging that Square induced infringement by "design[ing] the Accused Products and Services such that they would each infringe" and failing to redesign them).[10] Accordingly, Unwired Planet's allegations are insufficient to state a claim.

### C. Even if Unwired Planet Had Adequately Pleaded Pre-Suit Knowledge of the Asserted Patents, Its Other Contributory Infringement Allegations Are Insufficient To State a Claim Under 35 U.S.C. § 271(c)

Similarly, Unwired Planet's complaint does not plead facts demonstrating that Square contributed to others' infringement under 35 U.S.C. § 271(c). To state a claim for contributory infringement, Unwired Planet must, among other things, plead facts showing that Square "knew that the combination for which the component was especially designed was both patented and infringing." *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964); *Global-Tech Appliance, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011). More specifically, the pleaded facts must plausibly demonstrate that the accused "material or apparatus" "has no substantial non-infringing uses, and is known by the party to be especially made or especially adapted for use in an infringement of such patent." *In re Bill of Lading*, 681 F. 3d at 1337 (internal quotations omitted).

Unwired Planet's allegations fall well short of meeting that burden because they simply parrot the statutory language and offer no specific facts. Unwired Planet alleges that "Square has sold . . . the Accused Products, which Square has known to be especially made or adapted for use in infringing the Asserted Patents and which have no substantial non-infringing uses." Dkt. 1 at 7 ¶ 21. That allegation is identical to the statutory language. 35 U.S.C. § 271(c) (establishing liability for contributory infringement when a person acts "knowing the [component] to be

---

2012 WL 1669355, at *1 (N.D. Cal. May 11, 2012) (emphasis added).

[10] The *Guzik* court likewise disregarded the conclusory "knowledge" allegations of the type Unwired Planet has asserted in support of its induced infringement claim. *Compare Guzik*, 2012 WL 1669355, at *1, *3 (holding that plaintiff's allegations that the defendant "knew or should have known that its actions would induce direct infringement by others and intended that its actions would induce direct infringement by others" was conclusory and insufficient to state a claim), *with* Dkt. 1 at 7 ¶ 20 (Unwired Planet's allegation that "Square knows that the customers and/or users . . . will directly infringe one or more claims").

1  especially made or especially adapted for use in an infringement of [a] patent" and "is not
2  "suitable for substantial non-infringing use").

3  Unwired Planet also alleges that "Square designed the Accused Products and Services such
4  that they would infringe one or more claims of the Accused Patents." Dkt. 1 at 7 ¶ 21. That
5  allegation again contains no cognizable assertion of fact and simply repeats the statutory language
6  of 35 U.S.C. § 271(c) and the standard announced in the Supreme Court's *Aro Manufacturing*
7  opinion. *Id.*; *Aro Mfg.*, 377 U.S. at 488 (requiring that the facts demonstrate that a defendant
8  "knew that the combination for which the component was especially designed was both patented
9  and infringing").

10  Finally, Unwired Planet claims that "[t]he accused technology has no substantial use that
11  does not infringe one or more claims of the Asserted Patents." Dkt. 1 at 7 ¶ 21. Once again, this
12  allegation merely repeats the statutory language of 35 U.S.C. § 271(c) cited above. The recitation
13  of the statutory elements of contributory infringement under 35 U.S.C. § 271(c) is insufficient to
14  state a claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that "a formulaic
15  recitation of the elements of a cause of action" is insufficient to state a claim); *see also Weiland
16  Sliding Doors & Windows, Inc. v. Panda Windows & Doors, LLC*, No. 10-cv-00677-JLS-MDD,
17  2011 WL 3490471, at *4 (S.D. Cal. Aug. 10, 2011) (concluding that allegation of contributory
18  infringement that did "nothing more than mirror statutory language" was insufficient); *Select
19  Retrieval, LLC v. Bulbs.com Inc.*, No. 12-cv-10389-TSH, 2012 WL 6045942, at *5 (D. Mass. Dec.
20  4, 2012) ("[Plaintiff] must do more than recite the statutory elements of an indirect infringement
21  claim."); *see also Vita–Mix Corp. v. Basic Holdings, Inc.*, 581 F.3d 1317, 1327-29
22  (Fed. Cir. 2009) (holding that, to state a claim for contributory infringement, Unwired Planet must
23  plausibly have alleged that all non-infringing uses of Square's products are "unusual, far-fetched,
24  illusory, impractical, occasional, aberrant, or experimental"); *Smartwater, Ltd. v. Applied DNA
25  Sciences, Inc.*, 2013 WL 5440599, at *11 (E.D.N.Y. Sept. 27, 2013) (dismissing contributory
26  infringement claims because "[o]ther than reciting that there are no substantial noninfringing uses,
27  . . . Plaintiff offers virtually no factual support."). Accordingly, the Court should dismiss Unwired
28  Planet's contributory infringement claims.

## V.     CONCLUSION

For the foregoing reasons, Square respectfully requests that the Court grant its motion and dismiss Unwired Planet's claims for induced infringement under 35 U.S.C. § 271(b), for contributory infringement under 35 U.S.C. § 271(c), and for willful infringement under 35 U.S.C. § 284.

Dated:   December 20, 2013.

LEWIS ROCA ROTHGERBER LLP

By/s/ W. West Allen
W. WEST ALLEN
Nevada Bar No. 5566
wallen@lrrlaw.com
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89109

E. LEIF REID
Nevada Bar No. 5750
lreid@lrrlaw.com
LEWIS ROCA ROTHGERBER LLP
50 West Liberty Street
Suite 410
Reno, NV 89501-1922
Telephone: (775) 321-3415
Facsimile: (775) 823-2929

THEODORE J. ANGELIS
theo.angelis@klgates.com
DOUGLAS B. GREENSWAG
douglas.greenswag@klgates.com
K&L GATES LLP
925 4th Avenue, Suite 2900
Seattle, WA  98104
Telephone:  (206) 370-8101
Facsimile:  (206) 370-6006

*Attorneys for Defendant SQUARE, INC.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing on the CM/ECF registrants.

          /s/ *Judy Estrada*
          An Employee of Lewis Roca Rothgerber