W. WEST ALLEN
Nevada Bar No. 5566
wallen@lrrlaw.com
LEWIS ROCA ROTHGERBER LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89109
Telephone: (702) 949-8200
Facsimile: (702) 949-8398

E. LEIF REID
Nevada Bar No. 5750
lreid@lrrlaw.com
LEWIS ROCA ROTHGERBER LLP
50 West Liberty Street
Suite 410
Reno, NV 89501-1922
Telephone: (775) 321-3415
Facsimile: (775) 823-2929

THEODORE J. ANGELIS
Admitted pro hac vice
theo.angelis@klgates.com
DOUGLAS B. GREENSWAG
Admitted pro hac vice
douglas.greenswag@klgates.com
K&L GATES LLP
925 4th Avenue, Suite 2900
Seattle, WA 98104
Telephone: (206) 370-8101
Facsimile: (206) 370-6006

*Attorneys for Defendant Square, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNWIRED PLANET LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SQUARE, INC., a Delaware corporation<br><br>Defendants. | CASE NO.: 3:13-cv-00579-RCJ-WGC<br><br>**DEFENDANT SQUARE, INC.'S ANSWER TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** |

**ANSWER, AFFIRMATIVE DEFENSES, AND
<u>COUNTERCLAIMS OF DEFENDANT SQUARE, INC.</u>**

Defendant Square, Inc. ("Square") for its Answer, Affirmative Defenses, and Counterclaims to the First Amended Complaint for Patent Infringement ("Complaint") of Plaintiff Unwired Planet LLC ("Unwired Planet"), states as follows:

1. To the extent paragraph 1 contains any factual allegations of infringement, Square denies those allegations.

## JURISDICTION

2. Square admits that the Complaint purports to allege patent infringement arising under the patent laws of the United States, Title 35 the United States Code. The remaining allegations are legal assertions that do not require a response.

## VENUE

3. Square admits that it conducts certain business within the State of Nevada. Square denies the allegations of infringement. Square otherwise denies the allegations of this paragraph but does not challenge personal jurisdiction by this Court for the purposes of this action.

4. Square denies that a substantial part of the events giving rise to Plaintiff's claims occurred in the District of Nevada. Square is not challenging personal jurisdiction by this Court for purposes of this action. The remaining allegations in this paragraph are legal assertions that do not require a response, but Square denies that this venue is a convenient forum and has moved to transfer this action to the U.S. District Court for the Northern District of California based on: (i) a forum selection clause in the Terms and Conditions agreement between Square and Unwired Planet that requires this action to be brought in the U.S. District Court for the Northern District of California; and (ii) for the convenience of the parties and witnesses and in the interest of justice.

## PARTIES

5. Square is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 and on that basis denies them.

6. Square admits that it is incorporated in Delaware and has its principal place of business in San Francisco, California.

## BACKGROUND

7. Square is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 and on that basis denies them.

8. Square is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 and on that basis denies them.

9. Square is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 and on that basis denies them.

10. Square is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 and on that basis denies them.

11. Square is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 and on that basis denies them.

12. Square is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 and on that basis denies them.

13. Square is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 and on that basis denies them.  To the extent that paragraph 13 contains any factual allegations that Square has infringed any of Unwired Planet's patents, Square denies those allegations.

## THE PATENTS IN SUIT

14. Square admits that what purports to be a copy of U.S. Patent No. 7,711,100 ("the '100 Patent") is attached to the Complaint as Exhibit A.  Square admits that what purports to be a copy of the '100 Patent Assignment Abstract of Title is attached to the Complaint as Exhibit D.  To the extent paragraph 14 alleges that the '100 Patent is valid and/or infringed by Square, Square denies those allegations.  Square is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 14 and on that basis denies them.

15. Square admits that what purports to be a copy of U.S. Patent No. 7,376,433 ("the '433 Patent") is attached to the Complaint as Exhibit B.  Square admits that what purports to be a copy of the '433 Patent Assignment Abstract of Title is attached to the Complaint as Exhibit E.  To the extent paragraph 15 alleges that the '433 Patent is valid and/or infringed by Square, Square

denies those allegations. Square is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 15 and on that basis denies them.

16. Square admits that what purports to be a copy of U.S. Patent No. 8,275,359 ("the '359 Patent") is attached to the Complaint as Exhibit C. Square admits that what purports to be a copy of the '359 Patent Assignment Abstract of Title is attached to the Complaint as Exhibit F. To the extent paragraph 16 alleges that the '359 Patent is valid and/or infringed by Square, Square denies those allegations. Square is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 16 and on that basis denies them.

17. The '100 Patent, the '433 Patent, and the '359 Patent (collectively, the "Asserted Patents") speak for themselves, and Square denies any factual allegations inconsistent with the Asserted Patents. To the extent that paragraph 17 contains legal allegations regarding the scope of the Asserted Patents, such allegations are legal conclusions for which no answer is necessary. Square denies that it infringes the Asserted Patents.

## CLAIM FOR PATENT INFRINGEMENT

18. Square hereby incorporates by reference and restates its answers to the allegations of paragraph 1-17 above as if fully reproduced here.

19. Square admits that it developed Square Wallet and Square Register, and they can be used on devices running Apple's iOS operating system or Google's Android operating system. Square is without knowledge or information sufficient to form a belief as to whether the purported screenshots reproduced in paragraph 19 depict the actual use of Square Wallet in Reno, Nevada and on that basis denies the allegations related to those screenshots. Square denies the remaining allegations of paragraph 19.

20. Square is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 and on that basis denies them.

21. Square admits that it makes Square Wallet and Square Register available for download via Google Play and Apple iTunes. Square also admits that it provides information regarding Square Wallet and Square Register on its website at <squareup.com>. Square denies the other allegations of paragraph 21. Square is without knowledge or information sufficient to form

1  a belief as to the truth of the allegations of knowledge of the alleged infringement of the '100 and
2  '433 patents since at least September 2013, and on that basis denies them. Square admits that it
3  became aware of the '359 patent as of the date this lawsuit was served. Square denies the other
4  allegations of paragraph 21.

22.  Square admits that it makes Square Wallet and Square Register available for download via Google Play and Apple iTunes. Square also admits that it provides information regarding Square Wallet and Square Register on its website at <squareup.com>. Square denies the other allegations of paragraph 22. Square is without knowledge or information sufficient to form a belief as to the truth of the allegations of knowledge of the alleged infringement of the '100 and '433 patents since at least September 2013, and on that basis denies them. Square denies the other allegations of paragraph 22.

23.  Square denies the allegations of paragraph 23.

24.  Square is without knowledge or information sufficient to form a belief as to the truth of the allegations of knowledge of the alleged infringement of the '100 and '433 patents since at least September 2013, and on that basis denies them. Square admits that it became aware of the '359 patent as of the date this lawsuit was served. Square denies the other allegations of paragraph 24.

**DEMAND FOR JURY TRIAL**

25.  Square requests a trial by jury for all issues properly triable by a jury.

**PRAYER FOR RELIEF**

A-L.  Square denies that Plaintiff is entitled to any of the relief sought in paragraphs A-L of its Prayer for Relief or any other relief.

**AFFIRMATIVE DEFENSES**

Without admitting or acknowledging it bears the burden of proof as to any of them, Square asserts the following affirmative defenses:

**First Affirmative Defense**

1.  Square does not directly infringe any claim of the Asserted Patents, either literally or by equivalents. Square does not and has not used a Mobile Device and/or Mobile App Systems

5

and/or Services ("Accused Instrumentalities") in a manner that directly or indirectly infringes any claim of the Asserted Patents.

2. Square does not indirectly infringe any claim of the Asserted Patents, either by contributing to the literal infringement or infringement by equivalents of others or by inducing others to infringe literally or by equivalents. The reasons Square does not indirectly infringe include, but are not limited to, the following: (i) Square does not make, offer to sell, sell, or import any "Mobile Device"; (ii) Square's customers, and others who may use the Accused Instrumentalities, do not infringe any claim of the Asserted Patents; (iii) the accused features of the Accused Instrumentalities are not a material part of the claims in the Asserted Patents; (iv) the Accused Instrumentalities are not especially made or especially adapted for use in an infringement of the Asserted Patents; (vi) the Accused Instrumentalities are suitable for substantial noninfringing uses; (vi) Square does not induce any user to infringe; and (vii) Square has a good faith belief that Square Wallet does not infringe any valid claim of the Asserted Patents.

**Second Affirmative Defense**

3. The Complaint fails to state a claim for contributory infringement and/or fails to plead facts that plausibly support a claim for contributory infringement for damages allegedly arising prior to the filing of this suit.

**Third Affirmative Defense**

4. The Complaint fails to state a claim for induced infringement and/or fails to plead facts that plausibly support a claim for induced infringement for damages allegedly arising prior to the filing of this suit.

**Fourth Affirmative Defense**

5. The Complaint fails to state a claim for willful infringement and/or fails to plead facts that plausibly support a claim for willful infringement.

**Fifth Affirmative Defense**

6. The claims of the Asserted Patents (Exhibits A, B, and C) are invalid and/or void because they fail to comply with the relevant statutes and regulations including 35 U.S.C. §§ 101, 102, 103, and 112.

7. The Asserted Patents are invalid under 35 U.S.C. § 101 because one or more claims of the Asserted Patents fail to claim patentable subject matter. By way of example, but not limitation, the Asserted Patents do not claim a new or useful process, machine, manufacture, or composition of matter. Moreover, they fail to claim anything other than an abstract idea.

8. The Asserted Patents are invalid under §§ 102 and 103 because they are anticipated and/or rendered obvious by prior art. By way of example, but not limitation, the Asserted Patents are rendered invalid by at least the prior art of record in the prosecution of each of the Asserted Patents.

9. The Asserted Patents are invalid under 35 U.S.C. § 112 ¶ 1 because they lack a written description of the claimed technology and the process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains to make and use the claimed technology without undue experimentation.

10. The Asserted Patents are invalid under 35 U.S.C. § 112 ¶ 2. By way of example, but not limitation, claims in the Asserted Patents are indefinite. Also, Unwired Planet's statements and representations made to the U.S. Patent & Trademark Office ("USPTO") during the prosecution of the application that led to issuance of the Asserted Patents, and the USPTO's responses, establish that the Asserted Patents fail to particularly point out and distinctly claim the subject matter regarded as the invention.

11. The Asserted Patents are invalid under 35 U.S.C. § 112 ¶ 6 because they fail to disclose or correlate the structure corresponding to the claimed function.

**Sixth Affirmative Defense**

12. Unwired Planet's claim for damages, if any, is limited to the extent that the time limitation of 35 U.S.C. § 286 has expired, and to the extent that Unwired Planet and/or licensees of the Asserted Patents have failed to mark its products, provide notice, or otherwise meet the requirements of 35 U.S.C. § 287.

**Seventh Affirmative Defense**

13. Square has engaged in all relevant activities in good faith, thereby precluding Unwired Planet, even if it were to prevail, from recovering enhanced damages for willful

7

infringement under 35 U.S.C. § 284 or recovering its reasonable attorneys' fees and/or costs under 35 U.S.C. § 285.

### Eighth Affirmative Defense

14. Unwired Planet's claims for damages and other relief resulting from alleged infringement of claims of the Asserted Patents are barred to the extent Square's actions (either individually or in conjunction with others) have been licensed and/or released.

### Ninth Affirmative Defense

15. The sole and/or proximate cause of the acts giving rise to Unwired Planet's complaint are acts or omissions of persons other than Square. For example, the alleged infringing devices are "Mobile Devices . . . ." Complaint ¶ 19. Unwired Planet does not, and could not, allege that Square makes, offers to sell, and/or sells such infringing device(s). In addition, even if Unwired Planet prevails, it may not recover any damages from Square because Unwired Planet's damages, if any, were not caused by Square.

### Other Defenses Reserved

16. Square reserves all affirmative defenses available under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may be available now or in the future based on discovery or any other factual investigation in this case, including but not limited to unenforceability due to inequitable conduct.

### **COUNTERCLAIMS**

For its counterclaims against Unwired Planet, Square alleges as follows:

1. Square is a Delaware corporation, and has a principal place of business in San Francisco, California.

2. Upon information and belief, Unwired Planet is a Delaware limited liability company with strong connections to California.

3. This is an action for declaratory relief in which Square seeks declarations that each of the Asserted Patents is invalid and has not been infringed by Square. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, and 2201.

8

4.      Unwired Planet has submitted to personal jurisdiction and to venue in this District. Square brings this counterclaim as necessary to vindicate its ability to demonstrate noninfringement and invalidity of the Asserted Patents, but Square denies that this venue is a convenient forum and does not waive or forfeit its motion to transfer this action to the U.S. District Court for the Northern District of California based on: (i) a forum selection clause in the Terms and Conditions agreement between Square and Unwired Planet that requires this action to be brought in the U.S. District Court for the Northern District of California; and (ii) for the convenience of the parties and witnesses and in the interest of justice.

5.      By its Complaint, Unwired Planet purports to assert a claim against Square for infringement of the Asserted Patents.

6.      Square does not infringe the Asserted Patents. In addition, the claims of the Asserted Patents that Unwired Planet accuses Square of infringing are invalid and unenforceable.

7.      An actual controversy therefore has arisen and now exists between Square and Unwired Planet as to the non-infringement, invalidity, and/or unenforceability of the Asserted Patents.

**Count One – Declaration of Non-Infringement**

8.      Square restates and incorporates by reference each of the allegations of all of the preceding paragraphs.

9.      Unwired Planet purports to be the owner and assignee of all rights, title, and interest in the Asserted Patents.

10.     Unwired Planet alleges that Square directly infringes the Asserted Patents by using a Mobile Device and/or Mobile App Systems and/or Services ("Accused Instrumentalities") in a manner that infringes one or more claims of the Asserted Patents.

11.     Square does not directly infringe any claim of the Asserted Patents.

12.     By way of example, but not limitation, Square does not make, offer to sell, sell, or import any Mobile Device. Moreover, no claims from the Asserted Patents read on Square Wallet or Square Register.

13. Square is entitled to a declaration that it does not directly infringe any claim of the Asserted Patents.

14. Square does not indirectly infringe any claim in the Asserted Patents.

15. By way of example, but not limitation, Square does not indirectly infringe because it does not induce any customers to infringe.

16. By way of further example, but not limitation, Square does not indirectly infringe because it does not contribute to others' infringement by knowingly supplying any component of the purported invention that has no substantial non-infringing uses and that is a material part of the purported invention and not a staple article of commerce, at least because the accused features of the Accused Instrumentalities are not a material part of the claims in the Asserted Patents.

17. In addition, the Accused Instrumentalities are not especially made or especially adapted for use in an infringement of the Asserted Patents, and the Accused Instrumentalities are suitable for substantial noninfringing uses.

18. Moreover, Square's customers, and others who may use the Accused Instrumentalities, do not infringe any claim of the Asserted Patents.

19. Square has, at all relevant times, believed in good faith that the use of Square Wallet does not infringe any claim of the Asserted Patents and that the asserted claims of the Asserted Patents are invalid.

20. Square is entitled to a declaration that it does not contributorily infringe any claim of the Asserted Patents.

21. Square is entitled to a declaration that it does not induce infringement of the Asserted Patents.

**Count Two – Declaration of Patent Invalidity**

22. Square restates and incorporates by reference each of the allegations of all of the preceding paragraphs.

23. The claims of the Asserted Patents are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112, because they fail to meet one or more of the conditions of patentability set

forth in Square's Affirmative Defenses, including but not limited to Square's Fifth Affirmative Defense.

24. Square is entitled to a declaration that the claims of the Asserted Patents are invalid.

## DEMAND FOR JURY TRIAL

25. Square requests a trial by jury of all issues properly triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Square prays for the following relief:

1. Judgment that Unwired Planet's claims are dismissed with prejudice, Unwired Planet is not entitled to monetary relief, and Unwired Planet is denied injunctive or other equitable relief;

2. Judgment declaring that Square has not directly infringed, either literally or under the doctrine of equivalents, any claim of the Asserted Patents;

3. Judgment declaring that Square has not contributorily infringed, either literally or under the doctrine of equivalents, of any claim of the Asserted Patents;

4. Judgment declaring that Square has not induced infringement, either literally or under the doctrine of equivalents, of any claim of the Asserted Patents;

5. Judgment declaring that the Asserted Patents are invalid and void;

6. Judgment that this is an exceptional case under 35 U.S.C. § 285 and Square is entitled to recover its costs and reasonable attorneys' fees;

///
///
///
///
///
///
///
///

7. Any other relief this Court deems proper.

Dated: January 24, 2014

LEWIS ROCA ROTHGERBER LLP

By/s/ *W. West Allen*
W. WEST ALLEN
Nevada Bar No. 5566
wallen@lrrlaw.com
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89109

THEODORE J. ANGELIS
theo.angelis@klgates.com
DOUGLAS B. GREENSWAG
douglas.greenswag@klgates.com
K&L GATES LLP
925 4th Avenue, Suite 2900
Seattle, WA 98104
Telephone: (206) 370-8101
Facsimile: (206) 370-6006

*Attorneys for Defendant SQUARE, INC.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing on the CM/ECF registrants.

            /s/ *Judy Estrada*
            An Employee of Lewis Roca Rothgerber