# EXHIBIT 3

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EON CORP IP HOLDING LLC,                          No. C -12-01011 EMC (EDL)

        Plaintiff,                              **ORDER REGARDING EARLY**
                                      **DISCLOSURE OF DAMAGES IN**
  v.                                                    **PATENT INFRINGEMENT ACTION**

SENSUS USA INC, et al.

        Defendant.
_____/

      The parties in this patent infringement case disputed the extent to which Plaintiff Eon should be required to disclose the damages it seeks and the basis therefore early in the case, before Defendants respond to Plaintiff's discovery requests, and how strictly Plaintiff should be held to such early damages contentions. The parties filed a letter brief laying out their positions. Docket No. 586. The Court held a hearing on the dispute. See Docket Nos. 629, 631. The Court gave the parties detailed guidance and instructed them to meet and confer in light of that guidance to reach an agreement, which they then did.

      Because the question of early damages disclosure in patent cases is a recurring and important one, the Court issues this order to explain its reasoning and guidance to the parties. Early damages disclosure promises many advantages but is challenging to put into practice and necessarily varies to some extent with the nature of the particular case (e.g., the number of and variation among types of defendants, the variety of accused products, and the availability of relevant information in the public domain versus confidential licenses and other information in the hands of the patent holder or the sole possession of the defendant and third parties). Courts must balance competing considerations when evaluating the extent and specificity of early damages disclosures that should be made in patent cases, including: the desirability of narrowing issues at an early stage versus the disclosure of

1   strategically sensitive information; the possibility of settlement versus the early intrusion of

2   expensive discovery requests and disputes; and the need for early disclosures versus the need for

3   costly expert analysis that may be premature.  On the one hand, as Chief Judge Rader observed,

4   "[t]he parties . . . benefit from early damages discussions and disclosures because it can provide a

5   realistic evaluation of both Defendant's exposure and Plaintiff's damages calculation and further

6   promote early and effective mediation."  Docket No. 586 Ex. F at 15 ("The State of Patent

7   Litigation," Address of Chief Judge Randall R. Rader of the United States Court of Appeals for the

8   Federal Circuit, E.D. Tex. Judicial Conf., Sept. 27, 2011).  In addition, an early estimate of the order

9   of magnitude of damages at issue (e.g., less than $10 million; $25 million; more than $100 million)

10  is important to the application of the principle of proportionality set forth in Federal Rule of Civil

11  Procedure 26(b)(2)(C)(iii) to ascertain the burden and expense of discovery that is warranted.

12          On the other hand, Defendants' desire to pin down Plaintiff to detailed early damages

13  contentions before any significant discovery and allow amendment only on a showing of good cause

14  goes well beyond the initial damages disclosures contemplated by Rule 26(a), which can be readily

15  amended without leave of court, and requires Plaintiff to do so without access to information in the

16  sole possession of Defendants or third parties.  See Fed R. Civ. P. 26(a)(1)(A)(iii); 26(d)(1).  In

17  addition, as Plaintiff noted, the relevant Advisory Committee notes to the 1993 amendment to Rule

18  26(a)(1)(C) specifically relaxed the initial disclosure requirement for damages in cases like this one,

19  where precise calculations depend on information not initially available to the patent holder:  "a

20  party would not be expected to provide a calculation of damages which, *as in many patent*

21  *infringement actions*, depends on information in the possession of another party or person."  Fed. R.

22  Civ. P. 26(a)(1)(C) advisory committee's note (emphasis added).  Plaintiff here gave as one example

23  other licenses taken by Defendants to relevant patents.  Further, the Patent Local Rules of this

24  District do not require disclosure of damages contentions, although the Committee on these rules (of

25  which this judge is a member) has discussed doing so.  The Patent Local Rules "seek to balance the

26  right to develop new information in discovery with the need for certainty as to the legal theories."

27  02 Micro Int'l v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1365-66 (Fed. Cir. 2006).

28          Defendants argued that Plaintiff should be required to disclose its damages theory and the

factual support underlying that theory in significant detail early in the case in the form of contentions in order to narrow the issues and focus discovery, and to avoid a costly foray into topics that would ultimately prove irrelevant. Defendants requested disclosure by Plaintiff of: 1) the legal and factual bases for any lost profit damages sought, including whether there is a demand for the inventions described, whether Plaintiff has the capacity to manufacture and market any infringing products, and whether alleged economic damages can be quantified; and 2) the legal and factual bases for any reasonable royalty damages sought, including all evidence known to Plaintiff that affects one of the 15 non-exclusive Georgia Pacific factors with respect to the appropriate royalty base and the methodology for determining it, whether apportionment applies, the date of the hypothetical negotiation, any "joint and several liability" calculations, and relevant licensing policies regarding lump sum versus running royalties. See Georgia-Pacific Corp. v. U.S. Plywood-Champion Papers, Inc., 318 F. Supp. 1116 (S.D.N.Y. 1970). Defendants also proposed that any amendment of damages contentions later in the case be permitted only upon order of the Court for good cause shown. Defendants cited a recent order in Brandywine Communications Techs., Inc. v. Cisco Systems, Inc., No. 12-1669, Docket No. 114 (N.D. Cal. Nov. 13, 2012), in which Judge Alsup ordered the plaintiff to provide very thorough damages information as part of its Rule 26(a) initial disclosures. That order called for information on competing products and how sales had been affected by the alleged infringement, as well as information on the royalty rate and royalty base, including the basis for that computation, and information supporting each asserted Georgia Pacific factor and any relevant license agreements.

Plaintiff in this case responded that Defendants' approach was unrealistic and prejudicial, because Plaintiff had not yet conducted discovery and needed information in possession of Defendants or third parties to calculate its damages. If early damages contentions were required, Plaintiff asked that Defendants first produce categories of information such as: 1) sales, pricing, and margin information for accused products; 2) analyses of the value of infringing systems; and 3) patent licensing practices. Plaintiff also argued that requiring it to demonstrate good cause to make any changes was too restrictive, given the limited information at its disposal early in the case. Even in non-patent cases, courts must take care that early contention interrogatories not lead to abuse.

They "can be used to impose great burdens on opponents, and can generate a great deal of counterproductive friction between parties and counsel. Moreover, at least in cases where defendants presumably have access to most of the evidence about their own behavior, it is not at all clear that forcing plaintiffs to answer these kinds of questions, early in the pretrial period, is sufficiently likely to be productive to justify the burden that responding can entail." In re Convergent Techs. Secs. Litig., 108 F.R.D. 328, 337-38 (N.D. Cal. 1985).

A plaintiff must, of course, have a basis for its damages when it files suit. The Court noted at the hearing that some early discovery into Plaintiff's damages case was appropriate, but that it would not require good cause and an order of the Court for Plaintiff to amend its early disclosures. Such a requirement would pin Plaintiff down before it had an opportunity to sufficiently develop its theories based on relevant information exclusively in the hands of others. At the same time, the Court noted that Plaintiff had sued several different categories of defendants in this case, including cellular network providers, handset manufacturers, and other software and hardware providers, and that Plaintiff would need to provide its damages theory as to each category. Further, the Court cautioned that broad discovery requests propounded indiscriminately to all Defendants, without careful crafting of requests to the particular Defendant and its role in the case, could result in cost shifting. In order for Plaintiff to make reliable early disclosures, the Court required Defendants to disclose generally their revenue as well as relevant license information.

The Court then turned to the specifics of the parties' letter brief, in particular the information Defendants claimed was currently within Plaintiff's possession, which was laid out on page 10 of the brief: whether Plaintiff is seeking a royalty based upon handset sales, and, if so, which handsets are part of the royalty base; whether Plaintiff is seeking a royalty based upon sales of network components and, if so, which products are part of the royalty base; whether Plaintiff believes that the entire sale of the handsets or network components is subject to inclusion in the royalty base (based upon an entire-market value rule analysis) or, if not, what portion of the sales of the accused products can be attributed to the patented functionality; whether Plaintiff has a licensing policy and, if so, whether that licensing policy is applicable to the current action; and whether Plaintiff is seeking a lump-sum royalty or a running royalty. See Docket No. 586 at 10.

4

1    Plaintiff acknowledged that Defendants' desire to know its theory of damages was

2 reasonable, and the Court encouraged the parties to look at Defendants' questions as standard

3 discovery requests that could be answered promptly, to the extent Plaintiff possessed the

4 information, rather than as comprehensive contention disclosures. For example, information about

5 Plaintiff's own licensing program or third-party analysts' reports used to bolster Plaintiff's damages

6 theory should be disclosed. The Court again noted that it would not require a showing of good cause

7 to amend those disclosures at a later point, although Plaintiff should make all reasonable efforts in

8 good faith to provide the information to avoid adverse consequences.

9    The parties met and conferred and then memorialized their agreement. They stipulated that

10 Plaintiff would amend its initial disclosures and include the questions that are set forth above on

11 page 4. The parties and the Court agreed that requiring a specific computation of the royalty rate

12 would be premature but that otherwise Plaintiff would comply with Rule 26. In addition, Plaintiff

13 agreed that, to the extent it believed that its claims against products subject to a license were not

14 exhausted, it would provide to Defendants an explanation as to why those claims remain at issue.

15

16

17    IT IS SO ORDERED.

18

19 Dated: March 8, 2013

_Elizabeth D. Laporte_

20    ELIZABETH D. LAPORTE
    United States Chief Magistrate Judge

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California