# EXHIBIT 4

1    MORGAN, LEWIS & BOCKIUS LLP
     DANIEL JOHNSON, JR. (*pro hac vice*)
2    CA State Bar No. 57409
     djjohnson@morganlewis.com
3    BRETT M. SCHUMAN (*pro hac vice*)
     CA State Bar No. 189247
4    bschuman@morganlewis.com
     JASON E. GETTLEMAN (*pro hac vice*)
5    CA State Bar No. 269733
     jgettleman@morganlewis.com
6    2 Palo Alto Square
     3000 El Camino Real, Suite 700
7    Palo Alto, CA  94306
     Tel:     650.843.4000
8    Fax:    650.843.4001

9    MICHAEL D. ROUNDS
     Nevada Bar No. 4734
10   mrounds@watsonrounds.com
     RYAN J. CUDNIK
11   Nevada Bar No. 12948
     rcudnik@watsonrounds.com
12   ADAM K. YOWELL
     Nevada Bar No. 11748
13   ayowell@watsonrounds.com
     WATSON ROUNDS
14   5371 Kietzke Lane
     Reno, NV  89511-2083
15   Tel:     775.324.4100
     Fax:    775.333.8171
16
     *Attorneys for Plaintiff*
17   *Unwired Planet LLC*

18

19                    IN THE UNITED STATES DISTRICT COURT
                          FOR THE DISTRICT OF NEVADA
20                                RENO DIVISION

21                                              CIVIL ACTION NO.

     **UNWIRED PLANET LLC, a Nevada**
22   **limited liability company,**                **3:13-cv-00579-RCJ-WGC**

23              **Plaintiff,**                   **PLAINTIFF UNWIRED PLANET
                                                LLC'S INITIAL DISCLOSURE**
24        **v.**                                **OF ASSERTED CLAIMS AND
                                                INFRINGEMENT**
25   **SQUARE INC., a Delaware corporation,**    **CONTENTIONS TO SQUARE
                                                INC.**
26              **Defendant.**

27

28

DB2/ 24775048.3

Pursuant to Local Rule 16.1-6, Plaintiff Unwired Planet LLC ("Unwired Planet" and/or "Plaintiff") provides its initial disclosure of asserted claims and infringement contentions to Defendant Square Inc. ("Square").

Unwired Planet makes this disclosure based on the information available to Unwired Planet at this time.  The parties are just beginning fact discovery and have not begun expert discovery.  Unwired Planet reserves all rights to supplement this disclosure as necessary and allowed, in particular with respect to further discovery from Square relating to the accused products and devices.  Unwired Planet also reserves the right to assert additional claims, accuse different products and/or devices, and/or find literal and/or equivalent infringing elements in Square's accused products and devices, as necessary and allowed.

**A.    Unwired Planet's Initial Disclosure Pursuant to Local Rule 16.1-6(a)**

Unwired Planet asserts the following claims against Square:

| Patent | Claims |
|--------|--------|
| 7,376,433 | 1-9, 11-15 |
| 7,711,100 | 1, 3 |
| 8,275,359 | 8-12, 14-15, 17, 25-29, 31-32, 34-35 |

For each of the listed asserted claims, Unwired Planet asserts infringement under 35 U.S.C. § 271(a).  Furthermore, Unwired Planet asserts infringement under 35 U.S.C. § 271(b) & (c) as discussed in Section D, *infra*.

**B.    Unwired Planet's Initial Disclosure Pursuant to Local Rule 16.1-6(b)**

Unwired Planet accuses the following products and devices:

| Patent | Square Products, Devices, or Service |
|--------|--------------------------------------|
| 7,376,433 | Square Wallet systems and/or services, Square Register systems and/or services, servers (including servers supporting the aforementioned systems and/or services), and |

| | |
|---|---|
| | mobile devices (including mobile phones and tablets with the Square Wallet and/or Square Register software installed) |
| 7,711,100 | Square Wallet systems and/or services, Square Register systems and/or services, servers (including servers supporting the aforementioned systems and/or services), and mobile devices (including mobile phones and tablets with the Square Wallet and/or Square Register software installed) |
| 8,275,359 | Square Wallet systems and/or services, Square Register systems and/or services, servers (including servers supporting the aforementioned systems and/or services), and mobile devices (including mobile phones and tablets with the Square Wallet and/or Square Register software installed) |

Each product, device, or service is accused of infringing each of the asserted claims for the corresponding asserted patent as shown in the corresponding claim charts.

**C.    Unwired Planet's Initial Disclosure Pursuant to Local Rule 16.1-6(c)**

Exhibits A-D, attached hereto, are claim charts that identify specifically where each limitation of each asserted claim is found within each accused product and/or device.  Unwired Planet reserves the right to amend its claim charts, as well as other information contained in this document and the exhibits attached hereto to incorporate new information learned during the course of discovery; pursuant to the Court's Orders; pursuant to Local Rule 16.1-12; and/or as otherwise appropriate.

DB2/ 24775048.3

**D.      Unwired Planet's Initial Disclosure Pursuant to Local Rule 16.1-6(d)**

As discussed in Section A, Unwired Planet alleges that Square directly infringes each of the asserted claims under 35 U.S.C. § 271(a).

Also, Square induces infringement under 35 U.S.C. § 271(b) when it, with knowledge of the asserted patents, makes the products, devices, and services available for consumers, content developers, content providers, etc., to purchase, use, or operate, and in fact, encourages such purchase, use, or operation by consumers, content developers, content providers, etc., in an infringing manner through marketing activities, instruction manuals, user guides, and the placement of the accused products, devices, and services into the stream of commerce.  As such, Square induces infringement of each asserted patent by consumers, content developers, content providers, etc. of the accused products, devices, and services when used in their ordinary and intended use.

Furthermore, Square contributorily infringes under 35 U.S.C. § 271(c) due to its offerings, sales, importing, providing, etc., the accused products, devices, and services to, among others, consumers, content developers, content providers, etc., for use in practicing the inventions recited in the asserted claims.  The accused products, devices, and services are a material part of the asserted claims.  Square knows that the accused products, devices, and services are especially made or adapted for use in infringement of the asserted patents and the accused products, devices, and services have no substantial non-infringing uses.

Moreover, wherever another party performs one or more method steps or provides one or more portions of a system, apparatus, or computer readable media, Square directs and/or controls said third-party and Square is thus liable for direct infringement.

Furthermore, and as discussed *supra*, Unwired Planet does not believe that infringement of any of the asserted claims requires joint acts of multiple parties.  As exampled in the infringement contentions, Exhibits A-D, each of the asserted apparatus claims of each of the asserted patents are infringed by the Square Wallet and/or Square Register applications, including the associated client software, server software, and hardware.  To the extent that infringement of some or all of the method claims may require joint acts of multiple parties, the only parties are

1 Square and the users of the Square Wallet and/or Square Register applications.  Further, where

2 the Square Wallet and/or Square Register applications are used by employees of Square, the

3 entire direct infringement is performed by Square.  However, to the extent that it is determined by

4 the Court that such joint acts are required, Unwired Planet reserves the right to amend this

5 disclosure accordingly.

6 **E.     Unwired Planet's Initial Disclosure Pursuant to Local Rule 16.1-6(e)**

7 Unwired Planet asserts that each limitation of each of the asserted claims is literally

8 present in Square's accused products, devices, and services, as set forth in the claim charts

9 attached hereto.  To the extent that any limitation is found to be not literally present during the

10 discovery process or otherwise, Unwired Planet asserts that such limitation will be present under

11 the doctrine of equivalents and will amend or supplement its contentions accordingly.  Moreover,

12 Unwired Planet reserves the right to amend its infringement contentions to further assert

13 infringement under the doctrine of equivalents if appropriate under the Court's claim

14 construction.

15 **F.     Unwired Planet's Initial Disclosure Pursuant to Local Rule 16.1-6(f)**

16 Each of the asserted claims of U.S. Patent No. 7,376,433 is entitled to at least the priority

17 date of July 20, 1998.

18 Each of the asserted claims of U.S. Patent No. 7,711,100 is entitled to at least the priority

19 date of December 23, 1997.

20 Each of the asserted claims of U.S. Patent No. 8,275,359 is entitled to at least the priority

21 date of June 16, 2006.

22 **G.     Unwired Planet's Initial Disclosure Pursuant to Local Rule 16.1-6(g)**

23 Unwired Planet does not currently intend to rely on any apparatus, product, device,

24 process, method, act, or other instrumentality of its own.  Unwired Planet reserves the right to

25 amend its infringement contentions to include an apparatus, product, device, process, method, act,

26 or other instrumentality of a predecessor company or licensee during discovery, if appropriate.

27 **H.     Unwired Planet's Initial Disclosure Pursuant to Local Rule 16.1-6(h)**

28 Unwired Planet alleges that Square willfully infringes at least the '100 and '433 patents as

1  Square knew of Unwired Planet (including Unwired Planet's predecessors) and Square knew of

2  the significant patent portfolio, including the existence of the asserted patents, now owned by

3  Unwired Planet (and previously owned by Unwired Planet's predecessors) covering a diverse

4  array of technologies.  Unwired Planet informed Square of its infringement of at least the '100

5  and '433 patents on September 26, 2013.  Square admits that Unwired Planet presented its patent

6  portfolio to Square before filing suit.  Additionally, by Square's own admission, Square "visited

7  Unwired Planet's website at <unwiredplanet.com>… to learn more… about Unwired Planet and

8  its patents."  Square further admits that "[w]hile on Unwired Planet's website, [Kirupa Pushparaj,

9  Square's IP Counsel] accessed and downloaded the publicly-available list of Unwired Planet's

10  approximately 2,400 patents and patent applications... [and] other information and files on

11  Unwired Planet's website."

12  Dated:  February 20, 2014

13                                          Respectfully submitted,

14                                          /s/  Ryan J. Cudnik
                                          Michael D. Rounds (Nevada Bar No. 4734)
15                                          mrounds@watsonrounds.com
                                          Ryan J. Cudnik (Nevada Bar No. 12948)
16                                          rcudnik@watsonrounds.com
                                          Adam K. Yowell (Nevada Bar No. 11748)
17                                          ayowell@watsonrounds.com
                                          WATSON ROUNDS
18                                          5371 Kietzke Lane
                                          Reno, NV  89511-2083
19                                          Tel:  775.324.4100
                                          Fax:  775.333.8171
20
                                          Daniel Johnson, Jr. (*pro hac vice*)
21                                          California State Bar No. 57409
                                          Brett M. Schuman (*pro hac vice*)
22                                          California State Bar No. 189247
                                          Jason E. Gettleman (*pro hac vice*)
23                                          California State Bar No. 269733
                                          MORGAN, LEWIS & BOCKIUS LLP
24                                          2 Palo Alto Square
                                          3000 El Camino Real, Suite 700
25                                          Palo Alto, CA 94306
                                          Tel:  650.843.4000
26                                          Fax:  650.843.4001

27
                                          *Attorneys for Plaintiff*
28                                          *UNWIRED PLANET LLC*

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Fed.R.Civ.P. 5(b), I hereby certify that I am an employee of the Law Offices of Watson Rounds, and that on this date, I caused to be served a true and correct copy of the foregoing **UNWIRED PLANET LLC's INITIAL DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS TO SQUARE INC.** on the parties as set forth below:

By delivery to the following individuals by **electronic mail**.

W. West Allen:  wallen@lrrlaw.com

E. Leif Reid:  lreid@lrrlaw.com

Theodore J. Angelis:  theo.angelis@klgates.com

Douglas B. Greenswag: douglas.greenswag@klgates.com

I declare under penalty of perjury that the foregoing is true and correct.

DATED: February 20, 2014              /s/      *Merrilyn Marsh*
                                                              An Employee of Watson Rounds