UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNWIRED PLANET, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>SQUARE, Inc.,<br><br>    Defendant. | 3:13-cv-00579-RCJ-WGC<br><br>**ORDER** |

  Plaintiff Unwired Planet, LLC is a Nevada limited liability company created on September 13, 2012. It has sued Defendant Square, Inc., a Delaware corporation with its headquarters appearing to be in California, for infringing three patents. Defendant has moved to transfer to the Northern District of California and has moved to dismiss the Complaint in part for failure to state a claim. For the reasons given herein, the Court denies the motions

**I. FACTS AND PROCEDURAL HISTORY**

  Plaintiff Unwired Planet, LLC is the owner by assignment of U.S. Patents Nos. 7,711,100 (the "'100 Patent"), 7,376,433 (the "'433 Patent"), and 8,275,359 (the "'359 Patent") (collectively, the "Patents"). (*See* Am. Compl. ¶¶ 14–16, Jan. 6, 2014, ECF No. 30). Plaintiff alleges that Defendant Square, Inc. directly, indirectly, contributorily, and willfully infringes one or more claims of each of the Patents under 35 U.S.C. § 271(a)–(c) via various services and devices. (*See id.* ¶¶ 19–24). Defendant has moved to transfer to the Northern District of

California under 28 U.S.C. § 1404(a) and has asked the Court to dismiss the claims for indirect and willful infringement for failure to state a claim.

## II. DISCUSSION

### A. Transfer of Venue

#### 1. Legal Standards

A district court may transfer a case to any other district where venue lies "[f]or the convenience of parties and witnesses" and "in the interest of justice" even if venue is proper in the original district. *See* 28 U.S.C. § 1404(a).

#### 2. Analysis

The Court previously granted a similar motion by Apple, Inc. in a patent infringement case brought by Plaintiff. In that case, the Court reasoned:

> Plaintiff Unwired Planet, LLC is a Nevada limited liability company created on September 13, 2012, six days before it filed the present patent infringement lawsuit. Plaintiff's single member is Unwired Planet, Inc., a non-party California corporation created on June 27, 1995. Plaintiff's statutory agent is its Nevada counsel in the present case. Four months after it filed the present lawsuit, Plaintiff's Reno offices consisted of an empty room, and Unwired Planet, Inc.'s Reno offices consisted of an empty room at a different location, but with a temporary banner indicating its presence. Although Unwired Planet, Inc. created the technology and obtained the patents at issue in this case, and Plaintiff merely holds the patents for the purposes of creating venue in Nevada for this lawsuit (assuming for the sake of argument there has in fact been an assignment sufficient to give Plaintiff standing to sue), Plaintiff refers to both entities interchangeably in the Complaint in an apparent attempt to mislead the reader into thinking that the almost twenty years of development efforts were undertaken by Plaintiff itself in Nevada, which is plainly not the case. In summary, it is clear beyond any doubt that Plaintiff was created solely for the purpose of filing the lawsuit, that the witnesses and evidence are located primarily, if not entirely, in California, in which state it will be more convenient for the parties to litigate, and that the only meaningful contact of the parties or the lawsuit with Nevada is Plaintiff's counsel. In such cases, transfer is eminently appropriate. *See In re Microsoft Corporation*, 630 F.3d 1361, 1364–65 (Fed. Cir. 2011). Accordingly, and for the reasons given in Defendant's pleadings, the Court grants the motion to transfer under § 1404(a). Plaintiff's arguments in response that the non-party California corporation from whom Plaintiff obtained its patents intends to move at least some offices to Reno is not so helpful. Few if any of Plaintiff's Reno employees nor Unwired Planet, Inc.'s new Reno employees will be witnesses in the present case, even assuming there is in fact any significant expansion or move to Reno. Apple's and Unwired Planet, Inc.'s existing California

employees, who have direct knowledge of the patent issues in this case will be. Plaintiff's arguments and evidence concerning Apple's contacts with Nevada in general are only relevant to the undisputed issue of personal jurisdiction, not § 1404(a).

(Order, Aug. 30, 2013, ECF No. 151 in Case No. 3:12-cv-505).

As Plaintiff correctly points out, however, circumstances have changed. It now appears that Plaintiff is a bona fide Nevada company. The present case was filed a year after Plaintiff company was created, and after it had in fact established significant presence in Nevada. That is, Plaintiff now has sixteen employees working in its Reno headquarters on South Virginia Street, which was established in January 2013 (ten months before the present case was filed) at a different location from the temporary location on California Avenue at issue in Plaintiff's case against Apple, Inc. Thirteen of the sixteen positions are permanent, full-time positions for Nevada residents. Plaintiff explains that until 2012, Unwired Planet, Inc. was a 400-employee company headquartered in San Francisco, but that in 2012 it drastically downsized and split into four separate companies, one being Reno-based Plaintiff Unwired Planet, LLC, which maintains and enforces the group's intellectual property rights by suing and/or licensing its patents to allegedly infringing companies.

Under these circumstances, the Court will not transfer to the Northern District of California under § 1404(a), as it would not be in the interests of justice to do so, even though it would probably be somewhat more convenient for the parties and witnesses overall. In the previous case, it appeared that Plaintiff had been created in Nevada simply to take advantage of the Nevada forum, and Plaintiff's choice of forum was therefore entitled to little weight. Now, however, Plaintiff's choice of forum carries its usual heavy weight.

Finally, Defendant is wrong that there was any agreement to litigate in a California forum via a website posting on Plaintiff's website, and the argument is just barely non-frivolous. There was no forum-selection agreement, even assuming for the sake of argument that the disputed

website upon which the agreement appeared was in fact Plaintiff's (and not Plaintiff's parent company's) and that the scope of the agreement covered patent infringement having nothing to do with use of the website. This Court has noted before that "browsewrap" simply does not create any valid agreement unless there is some objective manifestation of assent by the non-drafting (website-visiting) party (an express contract) or it is clear that the party to be bound has notice of the terms and proceeds as if he intends to be bound by them (an implied-in-fact contract). *See In re Zappos.com, Inc. Customer Data Security Breach Litig.*, 893 F. Supp. 2d 1058, 1063–64 (D. Nev. 2012) (Jones, C.J.). This is a straightforward application of the principle that one party cannot bind another to a contract involuntarily. The relevant case law is that of the state courts of California, because the issue is one of common law contract formation, and Defendant argues that it viewed Plaintiff's website from California. California law requires mutual, objective manifestation of assent. *See, e.g.*, *HM DG, Inc. v. Amini*, 162 Cal. Rptr. 3d 412, 418 (Ct. App. 2013). Here, Defendant alleges only that the language appeared somewhere on the website, not that Defendant saw it before the present causes of action arose, much less took some action (such as clicking on an "Agree" button) that might indicate express or implied consent to the terms.

### B.   Dismissal for Failure to State a Claim

#### 1.   Legal Standards

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for

failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  In other words, under the modern interpretation of Rule 8(a), a plaintiff must not only specify a cognizable legal theory (*Conley* review), but also must plead the facts of his own case so that the court can determine whether the plaintiff has any plausible basis for relief under the legal theory he has specified, assuming the facts are as he alleges (*Twombly-Iqbal* review).

   "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule

of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### 2. Analysis

Defendant argues that the willful and indirect infringement claims must be dismissed because Plaintiff does not allege Defendant's pre-suit knowledge of the Patents, as is necessary for those claims. Even assuming the Complaint was deficient, however, the AC alleges that Plaintiff informed Defendant of the infringement of the '100 and '433 Patents on September 26, 2013, which is several weeks before the Complaint was filed. (*See* Am. Compl. ¶ 20). Plaintiff alleges that Defendant has additionally known about its infringement of the '359 Patent since the filing of the Complaint. (*See id.* ¶ 22). This allegation is not sufficient to prove willful or indirect infringement of the '359 Patent as to the Complaint, however, it is enough to allege willful infringement under the AC, as the infringement is alleged to be continuing. The Court will not dismiss the willful and indirect infringement claims at this time. Defendant remains free to move for summary judgment on these issues in the future.

### CONCLUSION

IT IS HEREBY ORDERED that the Motion to Transfer (ECF No. 28) and the Motion to Dismiss (ECF No. 29) are DENIED.

IT IS SO ORDERED.

Dated this 2nd day of June, 2014.

_____
ROBERT C. JONES
United States District Judge