MORGAN, LEWIS & BOCKIUS LLP
DANIEL JOHNSON, JR. (SBN 57409)
djjohnson@morganlewis.com
BRETT M. SCHUMAN (SBN 189247)
bschuman@morganlewis.com
JASON E. GETTLEMAN (SBN 269733)
jgettleman@morganlewis.com
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA  94306
Tel:     650.843.4000
Fax:    650.843.4001

MICHAEL D. ROUNDS
Nevada Bar No. 4734
mrounds@watsonrounds.com
RYAN J. CUDNIK
Nevada Bar. No. 12948
rcudnik@watsonrounds.com
ADAM K. YOWELL
Nevada Bar No. 11748
ayowell@watsonrounds.com
WATSON ROUNDS
5371 Kietzke Lane
Reno, NV  89511-2083
Tel:     775.324.4100
Fax:    775.333.8171

Attorneys for Plaintiff
Unwired Planet LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RENO DIVISION

| | |
|---|---|
| UNWIRED PLANET LLC,<br><br>              Plaintiff,<br><br>       vs.<br><br>SQUARE, INC.,<br><br>              Defendant. | Case No. 3:13-CV-00579-RCJ-WGC<br><br>**UNWIRED PLANET LLC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SQUARE, INC.** |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Unwired Planet, LLC. ("Unwired Planet" or "Plaintiff") hereby serves on defendants Square, Inc. ("Square" or

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALT

DB2/ 24681617.5

1

UNWIRED PLANET LLC'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT;
CASE NO.: 3:13-CV-00579-RCJ-WGC

"Defendant") the following requests to produce documents and things. Square shall produce all documents and things that are responsive to these requests and that are in the possession, custody, or control of Square, or its agents, representatives, or attorneys.

## DEFINITIONS

1. The term "COMMUNICATION" shall mean every manner of disclosure, transfer, or exchange of information whether PERSON-to-PERSON, in a group, orally, in writing, by telephone, by electronic transmission, or otherwise.

2. "DOCUMENT" is used in the most comprehensive and inclusive sense permitted by Rule 34 of the Federal Rules of Civil Procedure and includes, but is not limited to, all of the following matter in YOUR actual or constructive possession, custody, or control: all written, typed, printed, recorded, textual, graphic or photographic matter, software, source code, object code, COMMUNICATIONS including intra-company or intercompany COMMUNICATIONS and correspondence, cablegrams, radiograms, telegrams, and telefaxes, however produced or reproduced, any notes or drafts, and all copies on which any mark, alteration, writing, or any other change from the original has been made. It includes, by way of example and not by way of limitation, patents, patent applications, reports, compilations, data, test results, laboratory, engineering, or other notebooks, diaries, work papers, graphs, charts, blueprints, drawings, sketches, schematics, operator manuals and handbooks, machinery manuals, directions, instruction books, books and booklets, texts, memoranda, letters and other correspondence, sales and promotional literature, brochures, press releases, forms, written contracts, licenses, sales agreements, ledgers, archive records, minutes or records of meetings, conferences or telephone conversations, including lists of PERSONS attending the meetings or conferences, legal pleadings or filings, expired files, and information that has been electronically stored or recorded, including voice mail and electronic mail.

3. The words "AND" or "OR" should be viewed in the conjunctive or disjunctive, whichever makes the request more inclusive.

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Palo Alt

DB2/ 24681617.5

2

UNWIRED PLANET LLC'S FIRST SET OF
REQUESTS FOR PRODUCTION TO DEFENDANT;
CASE NO.: 3:13-CV-00579-RCJ-WGC

4. Any pronouns shall be construed to refer to the masculine, feminine, or neutral gender, in singular or plural, as in each case most appropriate.

5. The singular form of any word shall be construed to also include the plural.

6. The word "each" shall be construed to mean "each and every."

7. The terms "THING" or "THINGS" is used in the most comprehensive and inclusive sense permitted by Rule 34 of the Federal Rules of Civil Procedure and includes, but is not limited to, prototypes, models, specimens, or other devices, and commercially manufactured items.

8. When referring to a PERSON, to "IDENTIFY" (in all its various forms, *e.g.*, "IDENTIFYING," "IDENTIFIED," "IDENTIFICATION") shall mean to give, to the extent known, the PERSON'S full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a PERSON has been IDENTIFIED in accordance with this subparagraph, only the name of that PERSON need be listed in response to subsequent discovery requesting the IDENTIFICATION of that PERSON.

9. When referring to DOCUMENTS, to "IDENTIFY" (in all its various forms, *e.g.*, "IDENTIFYING," "IDENTIFIED," "IDENTIFICATION") shall mean to give, to the extent known, the (i) type of DOCUMENT; (ii) general subject matter; (iii) date of the DOCUMENT; (iv) author(s), addressee(s) and recipient(s); and (v) if produced in discovery, the production number of the DOCUMENT.

10. When referring to a product or process, to "IDENTIFY" (in all its various forms, *e.g.*, "IDENTIFYING," "IDENTIFIED," "IDENTIFICATION") shall mean to provide information sufficient to IDENTIFY all names and model numbers under which the product or process is or was developed, marketed, manufactured, distributed, imported, and/or sold in this or any other country.

11. When referring to a COMMUNICATION, to "IDENTIFY" (in all its various forms, *e.g.*, "IDENTIFYING," "IDENTIFIED," "IDENTIFICATION") shall mean to provide (i) the type of COMMUNICATION, (ii) the general subject matter of the COMMUNICATION, (iii)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALT

DB2/ 24681617.5

3

UNWIRED PLANET LLC'S FIRST SET OF
REQUESTS FOR PRODUCTION TO DEFENDANT;
CASE NO.: 3:13-CV-00579-RCJ-WGC

the date of the COMMUNICATION, or if no exact date is known, the approximate date of the COMMUNICATION, (iv) the PERSON(s) who authored and/or sent the COMMUNICATION, (v) the addressee(s) of the COMMUNICATION, (vi) the recipient(s) of the COMMUNICATION, and (vii) if produced in discovery, the production number of the COMMUNICATION.

12. The term "SQUARE," "YOU" and "YOUR" shall mean Defendant Square, Inc. as well as its predecessors and successors in interest, subsidiaries, corporate parents, affiliates, assigns, joint venturers, partners, and all their present and former officers, directors, employees, partners, consultants, representatives, agents, attorneys and PERSONS acting or purporting to act on their behalf.

13. The term "UNWIRED PLANET" shall mean plaintiff Unwired Planet LLC., its parent, Unwired Planet, Inc., and Unwired Planet, Inc,'s predecessors (including, but not limited to Phone.com, Openwave Inc., and Libris, Inc.) and successors in interest, subsidiaries, corporate parents, affiliates, assigns, joint venturers, partners, and all their present and former officers, directors, employees, partners, consultants, representatives, agents, and PERSONS acting or purporting to act on their behalf.

14. The terms "PATENTS-IN-SUIT" or "PATENTS-AT-ISSUE" shall mean U.S. Patent Nos. 7,376,433 (the "'433 patent"); 7,711,100 (the "'100 patent"); and 8,275,359 (the "'359 patent").

15. The term "PERSON" or "PERSONS" shall mean any natural person, or any business, legal or governmental entity or association.

16. The term "OPINION" means any evaluation, study, analysis, report, OPINION, or commentary.

17. The term "PRIOR ART" shall mean all DOCUMENTS and THINGS, COMMUNICATIONS, disclosures, sales, or other acts or occurrences that are included under the broadest possible interpretations of 35 U.S.C. §§ 102 or 103 when considering the respective application filing dates of the PATENTS-IN-SUIT as the date of invention, including but not

limited to materials and references sent or IDENTIFIED to Square or its predecessors internally or by third parties as potentially relevant to validity of any of the PATENTS-IN-SUIT, regardless of whether said DOCUMENTS, THINGS, COMMUNICATIONS, disclosures, sales, or other acts or occurrences meet Square' interpretations of 35 U.S.C. §§ 102 or 103.

18. The term "RELATED APPLICATION(S)" means any application that is in the chain of applications leading to the issuance of a PATENT-IN-SUIT or that derives in-part or originates from one of those applications, including: (a) all applications listed in the "Related U.S. Application Data" for the PATENT-IN-SUIT; (b) all applications from which a claim of a PATENT-IN-SUIT is entitled to rely upon for priority under 35 U.S.C. § 120; (c) all parent, continuation, continuation-in-part, and divisional applications to the applications for a PATENT-IN-SUIT; (d) patents issuing from any of the above applications; and (e) applications derived directly or indirectly from any of the above applications, including applications listing the application for a PATENT-IN-SUIT in the chain of related applications.

19. A DOCUMENT, THING or COMMUNICATION "RELATING TO" or "RELATED TO" shall mean all DOCUMENTS and THINGS or COMMUNICATIONS that directly or indirectly constitute, contain, embody, concern, evidence, show, comprise, reflect, IDENTIFY, state, refer to, deal with, comment on, respond to, describe, involve, mention, discuss, record, support, negate, or are in any way pertinent to that subject.

## INSTRUCTIONS

20. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, You are requested to respond within 30 days from the date of service of this request.

21. You are to provide full and complete responses to the following requests, after conducting a diligent and thorough investigation into all information within your possession, custody, or control. If you cannot provide a full and complete response to any request, you should respond to the request to the extent possible, specifying the portion of the request you are unable to respond to and providing whatever information you have regarding the unanswered portion.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALT

DB2/ 24681617.5

5

UNWIRED PLANET LLC'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT;
CASE NO.: 3:13-CV-00579-RCJ-WGC

22. If You contend that any Document requested to be produced is protected from discovery by the attorney-client privilege, work product doctrine, or any other ground of privilege or immunity, each such Document shall be identified as follows:

    a. the date of the Document;

    b. the name and title or position of the author(s) of the Document;

    c. the name and title or position of all Persons designated as addressees or otherwise as recipients of copies of the Document;

    d. the subject matter of the Document;

    e. the type of Document (memorandum, letter, report, etc.);

    f. the specific grounds for withholding the Document in sufficient detail for the Court to rule on the merits of the claim of attorney-client privilege, work product doctrine; or other ground of privilege or immunity; and

    g. the number of the Document request(s) to which the Document pertains.

23. In producing Documents and Things pursuant to this request for production, You must produce Documents and Things as they are kept in the usual course of business, or organize and label the Documents and Things to correspond with the categories enumerated below. *See* Fed. R. Civ. P. 34(b). If there are no Documents and Things in Your possession, custody or control which are responsive to a request herein, You shall state that fact in its written response to such request(s).

24. Unless otherwise indicated, this request for production of Documents and Things seeks all Documents and Things existing or prepared through the date of production.

25. If You are aware that a document within the scope of these requests once existed but has been destroyed, You should make a statement to that effect, identify the document, state who destroyed the document, why it was destroyed, and the circumstances under which it was destroyed.

26. If You are aware that a document within the scope of these requests once existed but has been lost or cannot be currently located, You should make a statement to that effect,

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALT

DB2/ 24681617.5

6

UNWIRED PLANET LLC'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT;
CASE NO.: 3:13-CV-00579-RCJ-WGC

identify the document, state who was last in possession of the document, the circumstances under which it was lost, and steps that have been taken to locate the document.

27. If You are aware of any document within the scope of these requests that is not being produced for any reason other than a stated objection, You should make a statement to that effect, identify the document, and state why the document is not being produced.

28. If a Document or Thing is in a language other than English and an English translation exists, provide both Documents and Things.

29. Electronic records and computerized information must be produced in an intelligible format or together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

30. Selection of Documents and Things from the files and other sources and the numbering of such Documents and Things shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

31. File folders with tables or labels or directories of files identifying Documents and Things called for by these requests must be produced intact with such Documents and Things.

32. Documents and Things attached to each other shall not be separated.

33. This request shall be deemed continuing so as to require prompt and further supplemental production if You obtain additional Documents and Things at any time between the time of the initial production and the time of hearing or trial.

## REQUESTS FOR DOCUMENTS AND THINGS

**DOCUMENT REQUEST NO. 1:**

DOCUMENTS sufficient to IDENTIFY all versions of Square Wallet ("Wallet") from October 1, 2007 to the present including, but not limited to, any custom development and/or integration of any customer-specific deployments of Wallet.

**DOCUMENT REQUEST NO. 2:**

DOCUMENTS sufficient to IDENTIFY all deployments of Square Register ("Register") from October 1, 2007 to the present including, but not limited to, any custom development and/or

integration of any customer-specific deployments of Register.

**DOCUMENT REQUEST NO. 3:**

The source code for each unique version of Wallet from October 1, 2007 to the present.

**DOCUMENT REQUEST NO. 4:**

The source code for each unique version of Register from October 1, 2007 to the present.

**DOCUMENT REQUEST NO. 5:**

All DOCUMENTS provided by SQUARE to its customer(s) in connection with each version of Wallet from October 1, 2007 to the present.

**DOCUMENT REQUEST NO. 6:**

All DOCUMENTS provided by SQUARE to its customer(s) in connection with each version of Register from October 1, 2007 to the present.

**DOCUMENT REQUEST NO. 7:**

All DOCUMENTS RELATING TO the functionality of Wallet including, but not limited to, all user manuals, service manuals, functional specifications, technical specifications, data sheets, system architecture DOCUMENTS, system design DOCUMENTS, software architecture DOCUMENTS, software design DOCUMENTS, and any other DOCUMENT describing the technical design or functionality of Wallet.

**DOCUMENT REQUEST NO. 8:**

All DOCUMENTS RELATING TO the functionality of Register including, but not limited to, all user manuals, service manuals, functional specifications, technical specifications, data sheets, system architecture DOCUMENTS, system design DOCUMENTS, software architecture DOCUMENTS, software design DOCUMENTS, and any other DOCUMENT describing the technical design or functionality of Register.

**DOCUMENT REQUEST NO. 9:**

DOCUMENTS sufficient to IDENTIFY all revenues and profits generated by Wallet from October 1, 2007 to the present, including, but not limited to, revenues and profits generated from license royalties and from support and/or service contracts.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALT

DB2/ 24681617.5

8

UNWIRED PLANET LLC'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT;
CASE NO.: 3:13-CV-00579-RCJ-WGC

**DOCUMENT REQUEST NO. 10:**

DOCUMENTS sufficient to IDENTIFY all revenues and profits generated by Register from October 1, 2007 to the present, including, but not limited to, revenues and profits generated from license royalties and from support and/or service contracts.

**DOCUMENT REQUEST NO. 11:**

All purchase orders, invoices, license agreements, partnership agreements, OEM agreements, service agreements and support agreements RELATING TO all deployments of Wallet from October 1, 2007 to the present.

**DOCUMENT REQUEST NO. 12:**

All purchase orders, invoices, license agreements, partnership agreements, OEM agreements, service agreements and support agreements RELATING TO all deployments of Register from October 1, 2007 to the present.

**DOCUMENT REQUEST NO. 13:**

All marketing materials used by SQUARE from October 1, 2007 to the present RELATING TO Wallet or Register including, but not limited to, all current and prior versions of the descriptions of these products on SQUARE's website.

**DOCUMENT REQUEST NO. 14:**

All DOCUMENTS and THINGS RELATING TO any alternative design concepts or designs considered at any time in connection with the design, conception, development, or reduction to practice of Wallet and Register, including, but not limited to, alternative design concepts or designs considered during roadmap planning sessions, executive meetings, board presentations, and/or COMMUNICATIONS with any third party.

**DOCUMENT REQUEST NO. 15:**

DOCUMENTS sufficient to IDENTIFY all PERSONS involved in the conception, design, development, engineering, testing, and use of Wallet and Register, including the last known address of such PERSONS.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALT

DB2/ 24681617.5

9

UNWIRED PLANET LLC'S FIRST SET OF
REQUESTS FOR PRODUCTION TO DEFENDANT;
CASE NO.: 3:13-CV-00579-RCJ-WGC

**DOCUMENT REQUEST NO. 16:**

All DOCUMENTS and THINGS RELATING TO SQUARE's business plans, strategic plans, consultant reports, or strategy reviews concerning the design, manufacture, marketing, use, service, support, or license of Wallet and Register.

**DOCUMENT REQUEST NO. 17:**

All DOCUMENTS and THINGS RELATING TO any offer for sale of Wallet or Register, including but not limited to, the services, source code, or technology.

**DOCUMENT REQUEST NO. 18:**

DOCUMENTS sufficient to IDENTIFY all PERSONS involved in the marketing, licensing, solicitation of customers, and enrollment of customers on Wallet and Register, including the last known address of such PERSONS.

**DOCUMENT REQUEST NO. 19:**

All marketing reports, market feedback reports, market studies, market forecasts, market surveys, competitive analyses, market share data, customer needs studies, advertising materials, promotional materials, trade show materials, trade and advertising literature, catalogues, brochures, price lists, product press releases, and product descriptive literature RELATING TO Wallet and Register.

**DOCUMENT REQUEST NO. 20:**

All DOCUMENTS reflecting the expected and actual profitability of Wallet and Register from October 1, 2007 to the present.

**DOCUMENT REQUEST NO. 21:**

All DOCUMENTS and THINGS discussing or RELATING TO the profit margins of Wallet and Register, including without limitation, order contribution, incremental profit, product margin, gross margin, and product contribution margin from October 1, 2007 to the present.

**DOCUMENT REQUEST NO. 22:**

DOCUMENTS sufficient to IDENTIFY the profitability of Wallet and Register, including without limitation, entities listed, viewing users, revenues, costs, including costs of support and

Morgan, Lewis & Bockius LLP
Attorneys at Law
Palo Alt

DB2/ 24681617.5

10

UNWIRED PLANET LLC'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT;
CASE NO.: 3:13-CV-00579-RCJ-WGC

sales, gross margins, operating margins, pricing, price elasticity, factors affecting price, and price comparisons, from October 1, 2007 to the present.

**DOCUMENT REQUEST NO. 23:**

DOCUMENTS sufficient to IDENTIFY the amount of sales, sales forecasts, costs of sales, projected sales, and anticipated sales resulting from Wallet and Register, including without limitation sales reports, business plans, budgets, forecasts, and outside consultants' or financial analysts' reports, from October 1, 2007 to the present.

**DOCUMENT REQUEST NO. 24:**

DOCUMENTS sufficient to IDENTIFY the costs of production for Wallet and Register from October 1, 2007 to the present.

**DOCUMENT REQUEST NO. 25:**

All DOCUMENTS RELATING TO the analysis of costs, either variable or fixed, for Wallet and Register from October 1, 2007 to the present.

**DOCUMENT REQUEST NO. 26:**

DOCUMENTS sufficient to IDENTIFY SQUARE's estimated and annual research and development expenditures and capital investment in connection with Wallet and Register from October 1, 2007 to the present.

**DOCUMENT REQUEST NO. 27:**

All DOCUMENTS and THINGS discussing or RELATING TO the share of the market possessed or expected to be possessed by Wallet and Register from October 1, 2007 to the present.

**DOCUMENT REQUEST NO. 28:**

DOCUMENTS sufficient to IDENTIFY all SQUARE products that are, have been, or are expected to be marketed, sold, and/or licensed in conjunction with Wallet or Register, including the identity of such products, prices, quantities, and dates of such marketing, purchase contracts, and/or licenses.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALT

DB2/ 24681617.5

11

UNWIRED PLANET LLC'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT;
CASE NO.: 3:13-CV-00579-RCJ-WGC

**DOCUMENT REQUEST NO. 29:**

DOCUMENTS sufficient to IDENTIFY all third-party products that are or have been marketed, sold, and/or licensed in conjunction with Wallet or Register, including the identity of such products, prices, quantities, and dates of such marketing, purchase contracts, and/or licenses.

**DOCUMENT REQUEST NO. 30:**

All DOCUMENTS and THINGS RELATING TO the reasons customers have used Wallet or Register, including without limitation sales call reports, correspondence with Square's sales partners and customers, sales meeting minutes, competitive market analyses, and customer surveys.

**DOCUMENT REQUEST NO. 31:**

All DOCUMENTS and THINGS RELATING TO the advantages or purported advantages of Wallet or Register, including but not limited to DOCUMENTS RELATING TO cost savings, advertising benefits, quality, reliability, features, functions, or other purported advantages of each product.

**DOCUMENT REQUEST NO. 32:**

All DOCUMENTS and THINGS RELATING TO each patent license obtained by SQUARE that covers in whole or in part any technology contained in Wallet or Register, including without limitation licensing agreements and addenda, and royalty reports.

**DOCUMENT REQUEST NO. 33:**

All DOCUMENTS and THINGS RELATING TO or comprising PRIOR ART to any of the PATENTS-IN-SUIT.

**DOCUMENT REQUEST NO. 34:**

All DOCUMENTS and THINGS RELATING TO any alleged non-infringement, invalidity, or unenforceability of the PATENTS-IN-SUIT, including without limitation, non-infringement studies, non-infringement reports, and any search, opinion, study, investigation, or analysis conducted by or on behalf of Square to determine whether any of the PATENTS-IN-SUIT are invalid or unenforceable.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALT

DB2/ 24681617.5

12

UNWIRED PLANET LLC'S FIRST SET OF
REQUESTS FOR PRODUCTION TO DEFENDANT;
CASE NO.: 3:13-CV-00579-RCJ-WGC

**DOCUMENT REQUEST NO. 35:**

All DOCUMENTS and THINGS mentioning any of the PATENTS-IN-SUIT.

**DOCUMENT REQUEST NO. 36:**

All COMMUNICATIONS between SQUARE (or its agents, including its counsel) and the named inventors of the PATENTS-IN-SUIT.

**DOCUMENT REQUEST NO. 37:**

All DOCUMENTS and THINGS RELATING TO COMMUNICATIONS between SQUARE (or its agents, including its counsel) and any third-party, including without limitation, its customers or prospective customers, sales partners, and/or channel partners RELATING TO any of the PATENTS-IN-SUIT or this litigation.

**DOCUMENT REQUEST NO. 38:**

All DOCUMENTS RELATING TO COMMUNICATIONS between SQUARE and UNWIRED PLANET including, but not limited to, all COMMUNICATIONS RELATING TO presentations made by UNWIRED PLANET to Square regarding UNWIRED PLANET's products, patents or RELATED APPLICATIONS.

**DOCUMENT REQUEST NO. 39:**

All DOCUMENTS RELATING TO COMMUNICATIONS between SQUARE (or its agents, including its counsel) and any third-party, including without limitation, current and former UNWIRED PLANET employees, regarding this litigation.

**DOCUMENT REQUEST NO. 40:**

DOCUMENTS sufficient to IDENTIFY the earliest date when SQUARE became aware of each of the PATENTS-IN-SUIT.

**DOCUMENT REQUEST NO. 41:**

All DOCUMENTS and THINGS RELATING TO knowledge of any PATENT-IN-SUIT by any individual involved in the design, development and/or deployment of Wallet or Register.

**DOCUMENT REQUEST NO. 42:**

All DOCUMENTS and THINGS RELATING TO SQUARE's policies and/or practices,

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALT

DB2/ 24681617.5

13

UNWIRED PLANET LLC'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT;
CASE NO.: 3:13-CV-00579-RCJ-WGC

whether formal or informal, written or otherwise, for licensing or valuing intellectual property, technology, or know-how.

**DOCUMENT REQUEST NO. 43:**

All DOCUMENTS and THINGS RELATING TO SQUARE's policies or procedures to determine whether its products infringe any U.S. patents.

**DOCUMENT REQUEST NO. 44:**

All articles, publications, papers, reports, or presentations authored in whole or in part by a current or former employee of, or any entity affiliated with, SQUARE, concerning Wallet or Register, including but not limited to all DOCUMENTS RELATING TO presentations made at any industry meeting or tradeshow.

**DOCUMENT REQUEST NO. 45:**

SQUARE's DOCUMENT retention policy.

**DOCUMENT REQUEST NO. 46:**

DOCUMENTS sufficient to IDENTIFY SQUARE's organizational structure, including, but not limited to, SQUARE's corporate structure, board of directors, sales organization, and research and development organization from October 1, 2007 to the present.

**DOCUMENT REQUEST NO. 47:**

All DOCUMENTS and THINGS referred to, IDENTIFIED in, or otherwise RELATING TO SQUARE's responses to any of UNWIRED PLANET's interrogatories.

**DOCUMENT REQUEST NO. 48:**

All DOCUMENTS that SQUARE will attempt to introduce as evidence at trial.

**DOCUMENT REQUEST NO. 49:**

Any patents or patent applications (whether published or unpublished) that SQUARE contends cover any aspect of SQUARE WALLET or REGISTER.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALT

DB2/ 24681617.5

14

UNWIRED PLANET LLC'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT;
CASE NO.: 3:13-CV-00579-RCJ-WGC

1 | Dated: January 27, 2014

MORGAN, LEWIS & BOCKIUS LLP

By _/s/ Jason E. Gettleman_

JASON E. GETTLEMAN (SBN 269733)
jgettleman@morganlewis.com
DANIEL JOHNSON, JR. (SBN 57409)
djjohnson@morganlewis.com
BRETT M. SCHUMAN (SBN 189247)
bschuman@morganlewis.com
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306
Tel:    650.843.4000
Fax:   650.843.4001

MICHAEL D. ROUNDS
Nevada Bar No. 4734
mrounds@watsonrounds.com
RYAN J. CUDNIK
Nevada Bar. No. 12948
rcudnik@watsonrounds.com
ADAM K. YOWELL
Nevada Bar No. 11748
ayowell@watsonrounds.com
WATSON ROUNDS
5371 Kietzke Lane
Reno, NV 89511-2083
Tel:    775.324.4100
Fax:   775.333.8171

Attorneys for Plaintiff
Unwired Planet LLC

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALT

DB2/ 24681617.5

15

UNWIRED PLANET LLC'S FIRST SET OF
REQUESTS FOR PRODUCTION TO DEFENDANT;
CASE NO.: 3:13-CV-00579-RCJ-WGC

**CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2014, I caused the within and foregoing UNWIRED PLANET LLC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SQUARE, INC. to be sent via U.S. Mail to counsel of record for Square, Inc.

Signed: _____
Diana Medina of Morgan, Lewis & Bockius