UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNWIRED PLANET, LLC, ) | 3:13-cv-00579-RCJ-WGC |
| ) | |
| Plaintiff, ) | **MINUTES OF PROCEEDINGS** |
| ) | |
| vs. ) | June 12, 2014 |
| ) | |
| SQUARE, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   Katie Lynn Ogden    REPORTER:            FTR

COUNSEL FOR PLAINTIFF:   Brett Michael Schuman and Michael Rounds (Telephonically)

COUNSEL FOR DEFENDANT:   Theodore J. Angelis and W. West Allen (Telephonically)

**MINUTE ORDER IN CHAMBERS: Discovery Status Conference**

9:05 a.m.  Court convenes.

    The court holds today's hearing to address plaintiff Unwired Planet, LLC's ("Unwired Planet") Status Report [*Letter Brief for June 12, 2014 Discovery Hearing*] (Doc. # 60) and defendant Square, Inc.'s ("Square") Status Report [*Letter Brief for June 12, 2014 Discovery Hearing*] (Doc. # 61) addressing two areas of dispute that have developed since the court entered the Discovery Plan & Scheduling Order (Doc. # 47).  The court first addresses the discovery topic regarding production of financial information; thereafter, the court turns to address the discovery issue regarding the production of source code.

A.    Financial Information

    After the parties present their respective positions regarding Unwired Planet's contention that Square has failed to sufficiently produce financial documents, the court declines to amend the limited discovery related to damages permitted by the Discovery Plan & Scheduling Order (Doc. # 47, ¶ B(3)(a)).

    The court finds the parties have not fulfilled their obligation to adequately meet and confer to resolve this issue.  The court directs the parties to make a sincere effort to personally meet and confer to resolve this discovery dispute before seeking the court's intervention as required by LR 26-7(b).

MINUTES OF PROCEEDINGS
3:13-cv-00579-RCJ-WGC
Date: June 12, 2014
Page 2

    B.    <u>Source Code</u>

    The court turns to address Unwired Planet's contention that Square has failed to comply with LR 16.1-9(a).[1]  Unwired Planet indicates the documentation provided by Square in response to LR 16.1-9(a) relative to source code is inadequate and Square's position that it does not possess any additional documents subject to LR 16.1-9(a) has not been supported by a declaration.

    Square argues it has fully satisfied its obligation for production of documents pursuant to LR 16.1-9(a).  Square claims that additional documents requested by Unwired Planet do not exist.  Furthermore, Square contends that Unwired Planet's request for a declaration regarding Square's response to this production request is unwarranted because the scope of Unwired Planet's production request is unclear and Square continues to insists all documents have been produced under LR 16.1-9(a).

    After hearing from the parties, the court concludes it may have unduly restricted Phase I Discovery with respect to electronic discovery.  The court will amend the current Discovery Plan & Scheduling Order (Doc. # 47, ¶ B(4)(c)) to be consistent with the Federal Circuit's Model Order Regarding E-Discovery in Patent Cases.  The court states, targeted electronic discovery relative to LR 16.1-9(a) will be permitted, including an additional deposition of a Federal Rule of Civil Procedure 30(b)(6) witness to determine whether all responsive documentation has been produced.  The modification to the Discovery Plan & Scheduling Order will be filed forthwith.

**IT IS SO ORDERED.**

9:54 a.m.  Court adjourns.

                                                                   LANCE S. WILSON, CLERK

                                                    By: _____/s/_____
                                                          Katie Lynn Ogden, Deputy Clerk

---

[1] LR 16.1-9(a) provides for the production of: "Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its LR 16.1-6(c) chart."